CARROLL, Judge.
This is an appeal by the defendant below from an adverse summary judgment entered in the civil court of record of Dade County. The action was in contract, for alleged breach by the defendant of a certain lease agreement covering a photo-copy machine. By the judgment the plaintiff Colonial Leasing Company of New England, Inc., was awarded damages against' the defendant A1 Stone Plumbing, Inc., in the amount of $2,748, together with certain interests, costs, and attorney fees.
The lease was between Colonial Leasing Company of New England, Inc., a corporation resident in Massachusetts and having its customary place of business in Boston, Massachusetts, as lessor, and A1 Stone Plumbing, Inc., a Florida corporation having its office and place of business in Pi-nellas County, Florida, as lessee. The contract, or lease, covering the machine, was for a period of five years, for a total consideration of $1,940.60, payable in 60 monthly installments. At the time of making the contract the lessee paid $137.40 which represented rental for one month plus an additional amount required to be paid at that time. The date upon which the contract was entered into, and upon which such payment was made was May 8, 1969. Two days later, on May 10, the lessee renounced the lease contract and so notified the lessor or its agent, and on May 12, 1969, pursuant to such renouncement thereof, the lessee stopped payment on the check it had given for the said $137.40 payment, and the lessee did not perform thereafter.
On May 20, 1969, after the lessee had renounced the lease contract, the lessor assigned the same, for collection, to Irwin J. Stone, an attorney of Dade County, Florida.
Notwithstanding such assignment to the attorney for collection, this action for breach of contract, when filed in Dade County in the civil court of record, was not brought by said assignee but by the lessor Massachusetts corporation, against the lessee corporation whose customary place of business was in Pinellas County and who was without a place of business in Dade County.
Asserting improper venue, the defendant corporation moved for transfer of the action to the corresponding court in Pinellas County, as provided for in such circum *559 stance by Rule 1.060(b) FRCP, 30 F.S.A. That motion was predicated upon the election of the defendant corporation to be tried in the place of its residence, when neither the plaintiff nor the defendant was resident in or had its customary place of business in Dade County (where the action was filed), and where the cause of action had not accrued in Dade County.[1] as provided for by § 47.051 Fla.Stat., F.S.A. The motion was supported by an affidavit of the president of the defendant corporation, confirming that the county in which the corporation had or usually kept an office for transaction of its customary business was Pinellas County.
The defendant’s motion based on improper venue was denied. Subsequently summary judgment was entered in favor of the plaintiff for the damages stated. On this appeal therefrom by the defendant, one of the assignments of error which was filed, and argued in appellant’s brief, was that the trial court had erred in denying its motion claiming improper venue. We find merit in that contention of the appellant.
No extended discussion of the matter appears to be necessary. In the circumstances of this case, as set out in the record, and referred to above, the motion of the defendant for transfer of the action to the court in Pinellas County having jurisdiction of such cases should have been granted.
The judgment is reversed, and the cause is remanded to the trial court with directions to vacate the judgment and to enter an order for transfer of the cause to the proper court in Pinellas County, as provided for in Rule 1.060(b) FRCP, implementing such transfer as outlined in Rule 1.170(j) FRCP.
Judgment reversed, and cause remanded with directions.

. The contract provided for payments thereunder to be made to the lessor at its stated place of business in Massachusetts. The default, if there was a default, occurred when the Pinellas County defendant renounced the contract there on May 10, 1969.