361 So.2d 443 (1978)
PERRY BUILDING SYSTEMS, INC., Appellant,
v.
HAYES & BATES, INC., Appellee.
No. HH-257.
District Court of Appeal of Florida, First District.
August 11, 1978.
*444 Paul B. Erickson of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellant.
A.W. Nichols, III, Palatka, for appellee.
BOYER, Judge.
We here review by interlocutory appeal an order relating to venue. Few topics have been the subject of as much litigation.
F.S. 47.051 provides three venue alternatives when a domestic corporation is the defendant. It is the prerogative of the plaintiff to select the venue and so long as that selection is one of the alternatives provided by the statute the plaintiff's selection will not be disturbed.[1] The plaintiff should allege in the complaint a sufficient basis for the venue selected.[2] But the burden is upon the party challenging venue to demonstrate by affidavit or sworn pleading that the plaintiff's selection is contrary to the statutory privilege.[3]
Appellee Hayes, plaintiff in the trial court, brought its action in Putnam County, the place of its business. Defendant Perry, appellant here, has its sole place of business in Palm Beach County. There is no property in litigation, therefore in order for venue to be properly laid in Putnam County it is necessary that the cause of action have accrued there.[4] No liquidated debt is involved therefore the principle of law that the debtor must seek the creditor and that the cause of action accrues where the creditor resides is not applicable.[5] The complaint alleges a breach of contract[6] by which the defendant in Palm Beach County agreed to furnish to the plaintiff in Putnam County mobile homes which were to be sold by the plaintiff. The defendant wrote a letter in Palm Beach County and mailed it to the plaintiff in Putnam County informing the plaintiff that the defendant was "cancelling all Dealer Agreements". The issue, then, is where was the contract breached because the place of breach is the place of accrual of the cause of action.
Appellee relies heavily on Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., supra, but that reliance is misplaced. The cause of action there was based upon tort rather than breach of contract as is the case sub judice. In tort actions the cause of action accrues where the tort occurs.[7]
Normally, in actions ex contractu the cause of action accrues where the act of default occurs. When there is an express promise to pay a sum of money and no place of payment is stipulated the debtor should seek the creditor unless otherwise provided, and in such cases the default consists *445 of the failure to pay the money at the creditor's residence or place of business. Since the cause of action accrues in such cases where the default occurs venue is in the county where the creditor has its place of business. However that principle is applicable only to cases where the default consists simply of an omission to pay a certain sum of money which is due or already earned.[8]
In the Mendez case, supra, the parties entered into a written construction contract for work to be performed in Collier County. The contract fixed no place for venue nor did it mention the place where payments were to be made. After a major part of the work had been done and payment had been received, the owner unilaterally renounced and repudiated the partially completed contract. Under those circumstances our sister court of the Fourth District held that the breach consisted of the act of the defendant (George Hunt, Inc.) in renouncing and refusing to further recognize the partially completed contract, and that the cause of action accrued where that breach occurred. The contract in the Mendez case was entered into in Collier County and the contract was to be performed in that county. The plaintiff (Mendez) was a resident of Seminole County and the defendant's principal place of business was in Pinellas County. Holding that the trial court correctly ruled that the plaintiff improperly claimed venue in Seminole County, the plaintiff's county of residence, the appellate court said:
"* * * In the case at hand the gravamen  the breach  consists of the act of the defendant, George Hunt, Inc., in renouncing and refusing to further recognize the partially completed contract. This act occurred in Collier County and, thus, the cause of action accrued there." (191 So.2d at page 481)
Likewise, in the case sub judice, the breach consisted of the act of Perry in renouncing and refusing to further honor its contract. That renunciation and refusal occurred when it wrote the letter in Palm Beach County cancelling the agreement.
Another analogous case is Al Stone Plumbing, Inc. v. Colonial Leasing Company of New England.[9] In that case a foreign corporate lessor of a machine leased the machine to a Florida corporation having its office and place of business in Pinellas County. Two days after the lease was entered into the lessee renounced the lease and so notified the lessor. The appellate court, reversing the trial court's refusal to grant a motion to transfer venue to Pinellas County, tersely stated:
"* * * The default, if there was a default, occurred when the Pinellas County defendant renounced the contract there * * *"[10]
The motion of the defendant for a transfer of venue should have been granted.
Reversed and remanded for further proceedings consistent herewith.
McCORD, C.J., and MELVIN, J., concur.
NOTES
[1] We are not here concerned with F.S. 47.122 relating to convenience of the parties, nor F.S. 47.061 relating to suits on promissory notes. Neither is the state nor one of its boards, subdivisions or agencies involved. See Ringling Bros. etc. v. State of Florida, etc., 295 So.2d 314 (Fla. 1st DCA 1974) cert. den. 303 So.2d 644. It is also important to note that we are here concerned with venue, not jurisdiction. See Ringling Bros. etc. v. State of Florida, etc., supra.
[2] See Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966) and James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2nd DCA 1970).
[3] Permenter v. Bank of Green Cove Springs, 136 So.2d 377 (Fla. 1st DCA 1962) and Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., 278 So.2d 647 (Fla. 1st DCA 1973).
[4] F.S. 47.051 provides in material part:

"Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located."
[5] Mendez v. George Hunt, Inc., supra.
[6] Referred to as a "Dealer Agreement".
[7] Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., supra.
[8] Mendez v. George Hunt, Inc., supra.
[9] 254 So.2d 557 (Fla. 3rd DCA 1971).
[10] See footnote 1. 254 So.2d at page 559.