OTT, Acting Chief Judge.
We reverse the trial court’s denial of appellant’s motion for change of venue.
Appellees, plaintiffs below, sued appellant in Sarasota County for breach of contract, specific performance, conversion, and misrepresentation and fraud. The suit arose out of a contract between the parties whereby appellant was to manufacture and sell golf course markers to appellees. The terms of the contract are in dispute. However, the complaint alleges that appellant notified appellees that it would not produce the golf course markers in accordance with the agreement between the parties.
Appellant filed a motion to transfer venue to Polk County. Attached thereto was an affidavit of appellant’s president stating that appellant’s sole place of business is in Polk County, Florida. Appellees countered *40 with an affidavit stating that the contract offer was made and accepted in Sarasota County and that delivery of the markers was to be made in Sarasota County. The trial court denied the motion for change of venue.
Appellant is a domestic corporation. Section 47.051, Florida Statutes (1983), places venue in this case in the county where appellant has an office for the transaction of its customary business or where the cause of action accrued.
All parties argue on appeal that venue lies where the contract was breached. Based upon the allegations of appellees’ complaint, we believe the alleged breach occurred at appellant’s place of business in Polk County when appellant ceased production of the golf course markers. Cf. Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978) (breach occurred where defendant renounced and refused to further honor the contract). We find nothing in the contract which makes delivery of the golf course markers an item to be performed under the contract. Therefore, we reject the argument that the breach occurred in the county where defendant refused to deliver the goods.
We vacate the order denying the motion for change of venue and remand for entry of an order transferring this cause to Polk County.
CAMPBELL and FRANK, JJ., concur.