PER CURIAM.
Gulfstream Racing Association, Inc. appeals from an order denying its motion to transfer venue.
Gulfstream, the corporate defendant in this personal injury action, filed an affidavit, which is uncontroverted, in support of its motion to transfer venue of the cause from Dade County to Broward County averring: (1) that Gulfstream is located in Broward County, and (2) that Gulfstream’s business office is in Broward County and it has no business office in Dade County. It is also undisputed that the injury occurred in Broward County.
Section 47.051, Florida Statutes (1985), relied upon by Gulfstream, provides in part:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
In Murphy Constr. Co. v. Avatar Properties, Inc., 464 So.2d 645 (Fla. 3d DCA 1985), we held that venue did not lie in Dade County when the defendant corporation affirmatively showed that (1) there was no property located in Dade County involved in the litigation, (2) the defendant’s sole office for transacting business was located outside of Dade County, and (3) the alleged cause of action accrued in a county other than Dade County. On these authorities we hold that venue in this cause should have been transferred.
Reversed and remanded for further consistent proceedings.