554 So.2d 659 (1990)
PREMIER CRUISE LINES, LTD., Inc., Appellant,
v.
Emmanuel GAVRILIS, et al., Appellees.
No. 89-1673.
District Court of Appeal of Florida, Third District.
January 2, 1990.
*660 Lau, Lanle, Pieper, Asti, Conley & McCreadie, and David McCreadie, Tampa, for appellant.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, T.G. Anagnost, Coral Gables, for appellees.
Before BARKDULL, NESBITT and LEVY, JJ.
PER CURIAM.
A cruise line being sued by an injured employee for an accident occurring on the high seas appeals the denial of its motion for change of venue. We affirm on the following analysis.
Mr. Gavrilis, an employee of Premier Cruise Lines (PCL), was injured while on board the S/S Oceanic. He alleges he was injured because of PCL's negligence and because that vessel was unseaworthy. Mrs. Gavrilis seeks to recover for loss of consortium. The Gavrilises are Greek citizens with their residence in Greece. The accident occurred near Nassau, the Bahamas. Mr. Gavrilis was treated at Jackson Memorial Hospital in Dade County for two months. He stayed at a Miami hotel while receiving physical therapy and then returned to his home in Greece to convalesce. The Gavrilises filed their complaint in Dade County. PCL denied that the acts set out in the complaint occurred in Dade and filed a motion to transfer the action to the Eighteenth Judicial Circuit. In support of its motion, PCL filed the affidavit of its operations manager who stated that PCL is a foreign corporation with its sole Florida office in Brevard County and that the company has no agent or representative located in Dade.
Responding to the motion to transfer, the Gavrilises filed the affidavit of their attorney, discussing Mr. Gavrilis's lengthy medical treatment in Miami, and the affidavits of two travel agents who stated that they conducted business for PCL in Dade. Also, they submitted the affidavit of a customer who had called the PCL toll-free number and inquired as to whether the company had any agents or representatives in Dade County and was told that travel agents in Dade worked for PCL at no charge to the customer as agents and representatives of the company. The trial court granted PCL's motion to transfer. The Gavrilises moved for rehearing. PCL then submitted the affidavit of PCL's director of sales and development. He stated that local travel agents are not agents or representatives of PCL but merely act to distribute literature and help secure passage. Upon reconsidering all the affidavits, the court ordered the cause to remain pending in Dade.
While the primary purpose of venue statutes is to require litigation to be instituted in the forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action, Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975); it is the prerogative of the plaintiff to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed. Houchins v. Florida East Coast Ry., 388 So.2d 1287 (Fla. 3d DCA 1980); Perry Bldg. Syss., Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978).
Section 47.051, Florida Statutes (1987), states:
Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, *661 or where the property in litigation is located.
The Gavrilises claim that the trial court had sufficient admissible evidence to conclude that, for venue purposes, PCL maintained an agency or representative relationship with at least two travel agents in Dade County. PCL claims that the customer affidavit represented inadmissible hearsay evidence. Because the business telephone number of PCL was called and a person who answered identified himself as a representative of PCL, the statements made by that representative as repeated by the caller were admissible and did not constitute hearsay. Midwestern Welding Co. Ltd. v. Coosa Tool & Die, Inc., 54 Ala.App. 159, 306 So.2d 25 (1975).
In Sage v. Travelers Indem. Co., 239 So.2d 831 (Fla. 4th DCA 1970), the fourth district determined that a plaintiff could bring a cause of action in a county where a foreign corporation insurer had an agent. That court rejected the claim that such an interpretation of the venue statute would lead to forum shopping or the abusive use of venue statutes. The court observed that the forum non conveniens statute permits the transfer of an action based upon consideration of convenience, expense, location of witnesses, residence of the parties, and other matters and thus serves as an effective tool in preventing forum shopping or venue abuse. See Mann v. Goodyear Tire & Rubber Co., 300 So.2d 666 (Fla. 1974) ("When suing a foreign corporation, one has the right to bring one's action anywhere business is transacted in Florida subject to the forum non conveniens statute and further limited by the provisions of section 47.163, Florida Statutes, requiring the consent of the parties."); Merrill Stevens Yachts, Inc. v. Irwin Yacht & Marine Corp., 276 So.2d 230 (Fla. 3d DCA 1973) (agency created where plaintiff was appointed for sale and servicing of defendant's line of sailing vessels); Firemen's Ins. Co. v. Olson, 176 So.2d 594 (Fla. 3d DCA 1965) (venue could be laid based upon location of insurance agent's office at the time policy was issued); see also Ex parte Charter Retreat Hosp., Inc., 538 So.2d 787 (Ala. 1989) (element of control or lack thereof of principal over its agent is not determinative for venue purposes; if entity is "means" by which principal is able to do business in particular county, then entity is "agent" of principal for those purposes).
Here, defendants did not claim forum non conveniens, but rather attacked plaintiffs' choice of venue because it was based upon travel agents selling cruise tickets in Dade. We conclude that the trial court had sufficient admissible testimony at its disposal to decide that venue was proper in Dade.
Accordingly, the trial court's decision is affirmed.