564 So.2d 546 (1990)
PIPER AIRCRAFT CORPORATION, Appellant,
v.
Anneliese SCHWENDEMANN, Appellee.
No. 90-230.
District Court of Appeal of Florida, Third District.
July 10, 1990.
Rehearing Denied August 21, 1990.
*547 Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, E. Thom Rumberger, Ronald E. Cabaniss, Orlando, and Wendy F. Lumish, Miami, for appellant.
Anderson Moss Parks & Russo, Robert Parks, Miami, Elizabeth Koebel Russo, Orlando, for appellee.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
LEVY, Judge.
Piper Aircraft Corporation [Piper], is a foreign corporation in the business of manufacturing and selling aircraft and airplane parts. Piper is incorporated in Pennsylvania and has its principal place of business in Indian River County, Florida. Individual lawsuits were filed in Dade County against Piper on behalf of several German citizens who were killed or injured when an aircraft manufactured by Piper crashed in Germany. Piper moved to dismiss the action or, in the alternative, to transfer venue to Indian River County, on the ground that it has no agent or representative in Dade County. The plaintiffs responded by introducing testimony and evidence of contractual agreements between Piper and two separate Dade County entities: Miami Aviation which sells and services airplane parts, and Mann Aircraft which is a parts distributor. Both of these entities were contractually authorized by Piper to perform repairs, warranty, and maintenance work.
The court denied Piper's motion to transfer venue on the basis that Miami Aviation and Mann Aircraft were "representatives" of Piper in Dade County. Piper appeals and we affirm.
As stated by this court in Premier Cruise Lines, Ltd. v. Gavrilis, 554 So.2d 659, 660 (Fla. 3d DCA 1990), "it is the prerogative of the plaintiff to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed." This court has further noted that the burden of demonstrating any impropriety in a venue selection is placed upon the party challenging venue. See Cassidy v. Ice Queen International, Inc., 390 So.2d 465 (Fla. 3d DCA 1980); Birdsall Shipping, S.A. v. Gallardo, 390 So.2d 437 (Fla. 3d DCA 1980).
The pertinent venue statute, Section 47.051, Florida Statutes (1989) (emphasis added), provides that:

Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
Piper argues that the statute requires the existence of some form of an agency relationship, despite the use of the word "representative" in the statutory language. According to Piper, the word "representative" is superfluous because "agent" and "representative" are synonymous. Thus, Piper argues, because it has no "agent" in Dade County, it cannot have a "representative." We disagree.
We note first that, as a general principle of statutory construction, it is to be assumed that particular words and phrases in a statute were meant to have some useful purpose. As stated by the Florida Supreme Court in Johnson v. Feder, 485 So.2d 409, 411 (Fla. 1986) (citations omitted):
We are compelled by well-established norms of statutory construction to choose that interpretation of statutes and rules which renders their provisions meaningful. Statutory interpretations that render statutory provisions superfluous "are, and should be, disfavored." Courts are not to presume that a given statute employs "useless language."
The legislature's use of the word "representative" was clearly deliberate and cannot be construed as superfluous.
Furthermore, a second general principle of statutory interpretation, as applied to the word "or", is that courts will normally *548 construe the word "or", as a disjunctive which indicates that the legislature contemplated alternatives. Sparkman v. McClure, 498 So.2d 892 (Fla. 1986). Clearly Section 47.051, which permits venue in a county where a foreign corporation has "an agent or other representative", contemplated that either alternative would be sufficient to establish venue, thus indicating that the terms are not interchangeable and that a plaintiff may bring an action in either one of two situations: (1) where a corporation has an agent in a county, or (2) where a corporation has a representative in a county. The nature of the relationship that the plaintiff must establish as existing between Piper and its "representative" for venue purposes is far different than the relationship that the plaintiff would have to demonstrate in order to hold Piper financially liable in tort for the actions of one of its "agents".
Because we find that there was sufficient evidence to support the trial court's determination that Piper had representatives in Dade County in the form of the Piper service center, to-wit: Miami Aviation, and the Piper parts distributor, to-wit: Mann Aircraft, we affirm the denial of the motion to transfer venue.
Affirmed.