BASKIN, Judge.
Burnup & Sims Telcom, Inc., a foreign corporation, appeals an order entered in a personal injury action denying its motion to transfer venue from Dade County to Palm Beach County or Broward County. We hold that the trial court erred in denying the motion to transfer venue. Section 47.-051, Florida Statutes (1989), provides that “[ajctions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the action accrued, or where the property in litigation is located.” The record demonstrates that Burnup & Sims is a foreign corporation doing business in Florida; its agents and representatives are located in Palm Beach County and Broward County; it has no agent or representative in Dade County; the cause of action accrued in Broward County; and the litigation does not involve any property. Accordingly, venue does not lie in Dade County. See Florida Physicians’ Ins. Co. v. Crouthamel, 566 So.2d 900 (Fla. 4th DCA 1990), review denied, 582 So.2d 622 (Fla.1991); Valjean Corp., Inc. v. Heininger, 559 So.2d 677 (Fla. Sd DCA 1990); Gulfstream Park Racing Ass'n, Inc. v. Cournoyer, 505 So.2d 629 (Fla. 3d DCA 1987); § 47.051, Fla.Stat. (1989). For these reasons, we reverse the order. On remand, the McCrones may elect to litigate the action in either Broward County or Palm Beach County.
Reversed and remanded.