PER CURIAM.
St. Augustine Beach Investors, Ltd. (“Beach Investors”) and H.I. Development Corporation (“H.I.Development”), appeal the denial of their motion to dismiss/transfer a personal injury claim brought in Dade Coun *557 ty by appellees, James McGlinehy, Jr., and Wendy McGlinehy (“appellees”). We reverse finding the trial court erred in denying the motion to transfer venue.
The appellees brought suit after James suffered injuries as a result of a slip and fall while at the St. Augustine Beach Holiday Inn (“the hotel”). The hotel is located in St. Johns County, Florida, and is owned by Beach Investors. Beach Investors is a New York corporation. Its registered agent for service of process is listed in Tallahassee, Florida. H.I. Development is Florida corporation with agents and representatives in St. Johns County and Dade County.
Section 47.051, Florida Statutes (1997), provides that actions against foreign corporations doing business in Florida may be brought where the corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located. While Beach Investors may not have an “agent” in St. Johns County, it does have a “representative.” Beach Investors ownership and operation of the hotel suffices to establish the existence of a representative for venue purposes under Section 47.051. See Piper Aircraft Corporation v. Schwendemann, 564 So.2d 546 (Fla. 3d DCA 1990), rev. denied, 577 So.2d 1328 (Fla.1991); Tropicana Products, Inc. v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987).
Thus the record demonstrates that Beach Investors and H.I. Development share a common county of residency in St. Johns County, and accordingly venue does not lie in Dade County. See Valjean Corp. v. Heininger, 559 So.2d 677 (Fla. 3d DCA 1990); Premier Cruise Lines, Ltd., Inc. v. Gavrilis, 554 So.2d 659 (Fla. 3d DCA 1990). For these reasons, we reverse and remand with instructions to transfer the case to St. Johns County. See Bumup & Sims Telcom, Inc. v. McCrone, 590 So.2d 1121 (Fla. 3d DCA 1991).
Reversed and remanded with instructions.