724 So.2d 149 (1998)
NEW COMMODORE CRUISE LINES, LIMITED, Appellant,
v.
Luis SABIO, Appellee.
No. 98-320.
District Court of Appeal of Florida, Third District.
December 9, 1998.
Rehearing Denied February 10, 1999.
Horr, Linfors & Skipp, David J. Horr, Miami, and Stephanie H. Wylie, for Appellant.
Rivkind & Pedraza, Miami; Cooper & Wolfe, Sharon L. Wolfe and Barbara A. Silverman, Miami, for Appellee.
Before NESBITT, GODERICH and SHEVIN, JJ.
PER CURIAM.
The defendant, New Commodore Cruise Lines, Limited [NCCL], appeals from an order denying its motion to transfer venue to Broward County. We reverse.
Luis Sabio, a seaman working aboard the Universe Explorer in Alaska, was injured by *150 a fire at sea. Sabio filed suit against NCCL in Dade County alleging Jones Act negligence, unseaworthiness, and failure to provide maintenance and cure. The complaint was served on NCCL and on Fred Mayer, NCCL's Chief Executive Officer, at NCCL's office in Hollywood in Broward County.
NCCL filed a motion to dismiss or transfer venue arguing that Dade County was not one of the statutory venue choices available to Sabio. § 47.051, Fla.Stat. (1997) NCCL argued that the cause of action accrued in Alaska, that there was no property at issue located in Dade County, and that it had no agent or other representative located in Dade County. Therefore, NCCL urged that the cause should be transferred to Broward County.
At the hearing on the motion, NCCL presented the deposition of its Chief Financial Officer, Alan Pritzker, who testified that NCCL is a foreign corporation qualified to do business in Florida, that neither the Universe Explorer nor any other vessel owned or operated by NCCL operates out of the Port of Miami, that none of NCCL's vessels sail into or out of Dade County, that NCCL maintains its only office in Broward County, and that NCCL does not have any agent or other representative in Dade County.
In opposition, Sabio relied on Premier Cruise Lines, Ltd. v. Gavrilis, 554 So.2d 659 (Fla. 3d DCA 1990), and argued that venue was proper in Dade County because NCCL has agents or other representatives in Dade County in the form of travel agents who book passage on its ships. Sabio relied on Pritzker's deposition testimony that NCCL sells tickets on its cruises through travel agents in Dade County, that NCCL pays the travel agents commissions for the sales, that the travel agents collect the money from passengers and forward it to NCCL, and that NCCL advertises in local newspapers that customers can purchase tickets through travel agents in Dade County.
After hearing the evidence and the arguments of counsel, the trial court denied the defendant's motion to dismiss or transfer venue citing Premier Cruise Lines. NCCL's appeal follows.
NCCL contends that the trial court misapplied Premier Cruise Lines and abused its discretion by denying NCCL's motion to transfer venue because Sabio failed to show that NCCL has an agent or other representative in Dade County. We agree.
In Premier Cruise Lines, this Court affirmed an order denying a motion to transfer venue where the plaintiff submitted the affidavit of a customer who had called the cruise lines' toll-free number and inquired as to whether the company had agents in Dade County and was told that travel agents in Dade County worked for the cruise lines at no extra charge to the customer as agents and representatives of the company. Premier Cruise Lines, 554 So.2d at 660. The instant case is distinguishable from Premier Cruise Lines because the evidence tending to show an agency relationship between the travel agents and the cruise lines was lacking. Further, this Court has subsequently held that
for purposes of section 47.051, independent travel agents who make reservations at the request of travelers are not per se agents or representatives of the entity owning or operating the resort, airline, hotel or other facility for which the reservation was made, even though the travel agent may receive (or withhold from the traveler's funds) a payment from the facility's owner or operator.
Walt Disney World Co. v. Diaz, 691 So.2d 1150, 1151 (Fla. 3d DCA 1997).
In the instant case, there was no per se agency relationship, and Sabio failed to present sufficient evidence to show that an agency relationship existed between NCCL and the travel agents in question. Further, we decline to address Sabio's other argument that venue is proper in Dade County because two of NCCL's corporate officers have their personal residences in Dade County. Sabio failed to argue this basis for venue to the trial court and may not raise it on appeal for the first time.
Therefore, because Dade County is not one of the statutory venue choices available to Sabio pursuant to section 47.051, the trial court should have granted the motion to transfer venue. Accordingly, we reverse and *151 remand the order under review and direct that the cause be transferred to Broward County.
Reversed and remanded with directions.