PER CURIAM.
New Commodore Cruise Lines Limited, Inc. [“NCCL”], appeals an order denying its motion to transfer venue in a Jones Act negligence action brought by Ralston Moodie. This appeal was consolidated with the appeal brought by Suertelo Yee from a trial court order granting NCCL’s motion to transfer venue in Yee’s negligence action. We affirm the denial in Moodie’s action and reverse the order transferring venue in Yee’s case.
After oral argument in this cause, this court relinquished jurisdiction to the trial court for the purpose of holding an eviden-tiary hearing on Yee’s proffered evidence that venue was proper in Miami-Dade County. Yee contended that the evidence would demonstrate that NCCL had agents or other representatives in Miami-Dade County sufficient to justify his venue choice. After the hearing, the trial court entered an order finding:
The court finds that the Defendant has agents or other representatives in Miami-Dade County within the meaning of *179 Section 47.051, Florida Statutes, to wit: Blanca Santos and Jeffrey Binder. Accordingly, venue is proper in Miami-Dade County according to Section 47.051, Florida Statutes.
We find no error in the trial court’s finding, and based thereon, we reverse the order transferring venue in Yee. We affirm the denial of NCCL’s motion in Moodie. See Premier Cruise Lines Ltd. v. Gavrilis, 554 So.2d 659 (Fla. 3d DCA 1990).[1]

. Unlike the facts presented in New Commodore Cruise Lines, Ltd. v. Sabio, 724 So.2d 149 (Fla. 3d DCA 1998), here, the evidence reveals that NCCL has corporate agents and representatives in Miami-Dade County — not merely travel agents. Hence, Sabio is inapposite.