PER CURIAM.
Magical Cruise Company Limited d/b/a Disney Cruise Lines (Disney Cruises) appeals the trial court’s non-final order denying their motion to dismiss for improper venue. We reverse.

Facts

Renata Lohinski, a Croatian national, injured her back while working as a stateroom hostess aboard the vessel, Disney Wonder. Lohinski was briefly treated on the vessel and then Disney Cruises referred her to their physicians in Orlando to treat her injuries. Lohinski returned to Colombia, where her husband was residing and received physical therapy from a neurosurgeon. Lohinski’s Colombian physician suggested that she undergo lumbar spine surgery as an alternate treatment. Lohinksi, however, elected to get a second opinion in Miami, Florida. Through her attorney, Lohinski requested for Disney Cruises to pay for her costs to travel to Miami. Despite Disney Cruises refusal to pay for her travel and lodging, Lohinski came to Miami. She met with a neurosurgeon, Dr. Rolando Garcia who performed a disketomy and a bone graft. Lohinski remained in Miami following her back surgery for the time necessary for rehabilitation and has since returned to Croatia.
Lohinski instituted this action and filed a complaint asserting five counts: (count I) Jones Act Negligence; (count II) Un-sea-worthiness; (count III) Failure to Pay Maintenance; (count IV) Failure to Treat; and (count V) Wages and Penalties. Disney Cruises filed a motion to dismiss for improper venue or in the alternative, a motion to transfer venue to Brevard County alleging that Lohinski did not meet the statutory venue requirements and even if she did, this matter should have been transferred to Brevard County for the convenience of the parties and non-party witnesses. The court denied the motions finding Lohinksi established venue in Miami-Dade County because Disney Cruises had an agent, Elizabeth Yablunosky, in Miami-Dade County. Disney Cruises filed this appeal challenging the trial court’s order. We conclude that the trial court *927 improperly denied the motion to dismiss for improper venue and reverse.

Analysis

Disney Wonder is owned and operated by Disney Cruises, a foreign corporation. As a foreign corporation, Disney Cruises can only be sued in a county where one of the following provisions listed under section 47.051, Florida Statutes (2001) exist: (1) where the foreign corporation has an agent or representative in the county; (2) where the cause of action accrued in the county; or (3) where there is property in litigation in that county. On appeal, Lo-hinski argues that the trial court’s order was proper as Disney Cruises “had an agent in Miami-Dade County”. We disagree and find that Lohinksi failed to meet any of the criteria for establishing venue in Miami-Dade County. However, because the trial court’s order only found venue proper because Disney Cruises had an agent in Miami-Dade County and Lohinski does not allege that venue is proper because there is property in litigation, we will only address whether Disney had an agent in Miami-Dade County.
Lohinski argues that venue was proper in Miami-Dade County because Disney Cruises had an agent, Elizabeth Yabluno-sky, in Miami-Dade County.. The trial court agreed and ruled that Yablunosky was Disney Cruise’s agent or representative in Miami-Dade County primarily because she was authorized to do business in Miami-Dade County. We disagree.
“When a foreign corporation has an office in Florida, it is deemed to reside in the county in which the office is located for venue purposes.” Sinclair Fund, Inc. v. Burton, 623 So.2d 587, 588 (Fla. 4th DCA 1993); see also Tropicana Products, Inc. v. Shirley, Jr., 501 So.2d 1373, 1375 (Fla. 2d DCA 1987)(venue for the foreign corporation is proper in either of the two counties where the corporation maintained an office); Macasphalt Corp. v. Gen. Dev. Corp., 353 So.2d 878 (Fla. 3d DCA 1977)(venue for a foreign corporation was proper in one of the two counties where corporation had an office). Ms. Yabluno-sky does not have an office nor does she reside in Miami-Dade County, instead she has an office and resides in Broward County. Additionally, Disney Cruises submitted sworn affidavits stating that it does not have any offices or any agents in Miami-Dade County.[1] Lohinski did not file any counter affidavits or other sworn proof to rebut the allegations of venue. See Precision Software, Inc. v. Gauthier, 605 So.2d 592, 593 (Fla. 2d DCA 1992)(venue can not be predicated on mere unsubstantiated assertions).
Lohinski asserts that having an office is not the requirement for having “an agent in the county” but rather showing the agent does business in the county is sufficient to establish venue. Ms. Yablunosky travels to Miami, advertises for the cruise ship and distributes brochures in Miami. She is also authorized to make sales calls to independent travel agents located in Miami-Dade County to encourage them to sell and promote Disney products. Neither party disputes that Ya-blunosky does business in Miami-Dade County. However, “doing business” is not the test. Pozo v. Roadhouse Grill, Inc., 790 So.2d 1255, 1258 (Fla. 5th DCA 2001)(being authorized to do business in a county is not sufficient to establish venue). This argument has also previously been *928 rejected in Walt Disney World Co. v. Leff, 328 So.2d 602 (Fla. 4th DCA 1975).
In Walt Disney World Co. v. Leff, the plaintiffs alleged that venue was proper in Broward County because Disney advertises and solicits business throughout Florida, including Broward County. The plaintiffs allege that as they were “active and doing business” in Broward County and most of their witnesses resided in Broward County, the trial should be in Broward County. The Fourth District Court of Appeal disagreed and found that “doing business” is not the test to determine if the corporation has an agent in the county. Id. at 604; see also New Commodore Cruise Lines, Ltd. v. Sabio, 724 So.2d 149, 150 (Fla. 3d DCA 1998)(owner’s sale of tickets through travel agents in county in which action was filed was insufficient to establish it had an agent or representative for purposes of venue in Dade County); Walt Disney World Co. v. Diaz, 691 So.2d 1150 (Fla. 3d DCA 1997)(for venue purposes, independent travel agents who made reservations at the request of travelers are not per se agents of the entity operating the facility for which the reservation was made). If “doing business” was sufficient to establish venue, any agent or representative of a foreign corporation passing through a county on routine business could be deemed to have subjected such corporation to suit in that county, even though the foreign corporation has no other connections.
The only other way that courts have found that a corporation has an agent “in the county”, besides having an agent residing in, operating out of or having an actual office in the county, is when a person has been designated by the corporation to accept service of process on behalf of the corporation in that county. See Berdos v. Dowling, 544 So.2d 1129, 1130 (Fla. 4th DCA 1989); Vellanti v. Piper Aircraft Carp., 394 So.2d 1063 (Fla. 3d DCA 1981). There is no evidence that Ms. Yablunosky was designated as an agent that would accept service of process on behalf of Disney Cruises in Miami-Dade County.
Furthermore, neither party has cited nor have we found any case law that supports Lohmksi’s position that venue is proper in a county where an agent only travels to the county to conduct business but does not reside in, have an office in or operate out of such a county.
Accordingly, we reverse the order under review and remand with directions to transfer the case to Brevard County.
Reversed and remanded.

. The sworn affidavit filed by Thomas M. McAlpin on behalf of Disney Cruises states that Disney Cruises does not have an office in Miami-Dade County, that Disney Cruises does not have an agent or representative in Miami-Dade County and that Disney Cruises does not own or lease any property in Miami-Dade County.