KLEIN, J.
Plaintiff Nissan 112 Sales Corporation purchased in New York a boat manufactured by Ocean Yachts in New Jersey. Nissan sued Ocean Yachts in Palm Beach County, where the boat was being operated, and Ocean Yachts moved to dismiss for improper venue. We affirm the denial of the motion, because Ocean Yachts authorized a boat yard in Palm Beach County, as its representative, to perform warranty repair work on the defective boat.
The complaint alleged that Ocean Yachts had made some warranty repairs to the defective boat at its New Jersey facility, but the repairs were not satisfactory, and other defects appeared after the boat was brought to Florida. Ocean Yachts then directed that further warranty work be done at a Florida boat yard.
Section 47.051, Florida Statutes (2007), which addresses venue provides in part:
Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
The trial court concluded that venue was proper in Palm Beach County, because the complaint alleged that warranty work was performed in Palm Beach County by agents or representatives of Ocean Yachts, and this allegation was not controverted by Ocean Yachts.
Ocean Yachts relies on its warranty, which provides that its “designated service representatives are not the agents of Ocean Yachts.” Our statute, however, says venue against a foreign corporation will lie in a county where the corporation has “an agent or other representative,” and in Piper Aircraft Corp. v. Schwendemann, 564 So.2d 546 (Fla. 3d DCA 1990), the court held that a service center which was authorized by the defendant to perform warranty work was a representative, for purposes of venue, even though it may not have been an agent of the manufacturer. See also Breed Techs. v. AlliedSignal, Inc., 861 So.2d 1227 (Fla. 2d DCA 2003) (agreeing with Piper and noting that labels in agreements are not conclusive as to actual legal relationships).
*724 We agree with Piper and Breed and therefore affirm.
SHAHOOD, C.J. and DAMOORGIAN, J., concur.