990 So.2d 1255 (2008)
Ofelia PADIN, Appellant,
v.
Richard J. TRAVIS, owner, Heather L. Travis, driver, and Geico General Insurance Company, a foreign profit corporation, Appellees.
No. 4D08-887.
District Court of Appeal of Florida, Fourth District.
September 24, 2008.
*1256 Keith A. Schafer of Law Offices of Chikovsky & Schafer, P.A., Hollywood, for appellant.
Richard A. Giardino of Davis & Giardino, P.A., West Palm Beach, for appellees Richard J. Travis and Heather L. Travis.
PER CURIAM.
We reverse the circuit court's order transferring venue from Broward County to St. Johns County. A suit against a foreign corporation such as Geico, a defendant below, "shall be brought in a county where such corporation has an agent or other representative, where the action accrued, or where the property in litigation is located." § 47.051, Fla. Stat. (2007). Geico's co-defendants, residents of St. Johns County, sought to transfer venue, relying on section 47.051. See Enfinger v. Baxley, 96 So.2d 538 (Fla.1957).
"To change venue, the defendant has the burden of showing that the venue selected by the plaintiff is improper." Pier Point Developers, LLC v. Whitelaw, 912 So.2d 18, 19 (Fla. 4th DCA 2005). The plaintiff has the prerogative "to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed." Premier Cruise Lines, Ltd., Inc. v. Gavrilis, 554 So.2d 659, 660 (Fla. 3d DCA 1990). Here, the appellee defendants produced no competent evidence that Geico had "an agent or other representative" in St. John's County; the printout of the internet search from Geico's website was hearsay, listing only the names of some businesses, with their addresses and phone numbers.
This case is distinguishable from Piper Aircraft Corp. v. Schwendemann, 564 So.2d 546 (Fla. 3d DCA 1990). In that case, defendant Piper Aircraft sought to change venue from Dade County to Indian River County. The plaintiffs introduced "testimony and evidence" of contractual agreements between Piper and two separate Dade County businesses, one a service center and the other a parts distributor. These contracts authorized the businesses to perform repairs, warranty, and maintenance work. Id. at 547. The trial court found the two businesses to be *1257 "representatives" of Piper in Dade County. Id. The third district affirmed, holding that there was sufficient evidence that the service center and parts distributor were "representatives" of Piper within the meaning of section 47.051. Id. at 547-48. The internet printout in this case falls far short of the "testimony and evidence" of contractual agreements that the third district found significant in Piper.
Reversed and remanded.
STONE, GROSS, JJ., and ROSENBERG, ROBIN, Associate Judge, concur.