# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2880
Consolidated:3D14-2928
Lower Tribunal No. 14-22949

_____

## Timothy C. King and AKCA, Inc,
Appellants,

vs.

## Christopher Raborg, Jr.,
Appellee.


Appeals from a non-final orders from the Circuit Court for Miami-Dade County, Sara I. Zabel, Judge.

Wicker, Smith, O'Hara, McCoy & Ford and Shelley H. Leinicke, (Ft. Lauderdale), for appellants.

Friedman & Friedman and John S. Seligman, for appellee.


Before WELLS, LAGOA and LOGUE, JJ.

WELLS, Judge.

This matter is before us on consolidation of appeals from two separate orders denying co-defendants', King and AKCA's, motions to change venue. We reverse both orders and remand for an evidentiary hearing to determine whether AKCA has an agent or representative in Miami-Dade County, and if not whether venue properly lies in either a county in which AKCA has an agent or representative, in Broward County where the cause of action accrued, or in Polk County if it is determined that Polk County is where King resides.

The facts are as follows.

Appellee, Christopher Raborg, Jr. was injured in an automobile accident on I-95 in Broward County when his motorcycle collided with a vehicle driven by Timothy King, an employee of AKCA. On September 4, 2014, Raborg filed an unverified complaint alleging that King negligently operated a vehicle owned by AKCA while performing construction work on I-95. With respect to AKCA, that complaint alleged: (1) that AKCA "was a foreign corporation authorized to do, and doing business in the State of Florida and doing business in Miami-Dade County, Florida and/or had an agent or other representative in Miami-Dade County, Florida"; and, (2) that AKCA "had entered into a contract with the State of Florida – DOT for the removal and placement of retro reflective pavement markers and delineators on Interstate and primary roads in the State of Florida." The complaint did not allege where King resided.

2

On September 9, 2014, Raborg filed a First Amended Complaint in which he re-alleged that AKCA "was a foreign corporation authorized to do, and doing business in the State of Florida and doing business in Miami-Dade County, Florida and/or had an agent or other representative in Miami-Dade County, Florida," and that AKCA "had entered into a contract with the State of Florida – DOT for the removal and placement of retro reflective pavement markers and delineators on Interstate and primary roads in the State of Florida." This time he alleged that King was a resident of Broward County, Florida.[1]

King was served on September 12, 2014. On October 1st, he moved to dismiss for improper venue claiming that he was a resident of Polk County, where he had been served with the complaint, and thus, that the action could only be brought in either Polk County (where he lived) or in Broward County (where the accident occurred).[2] King made no arguments in his motion as to where venue would be appropriate with regard to AKCA which had not yet been served with the complaint; nor did he file any supporting affidavits.

---

[1] Neither the parties nor the docket indicate which of these two complaints was served on either King or AKCA.

[2] Because the First Amended Complaint alleged that King resided in Broward County, and because there is no dispute that this negligence action accrued in Broward County, that county would be an appropriate venue selection as to him. See § 47.011, Fla. Stat. (2014) ("Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.").

On October 29, 2014, King's motion was heard even though AKCA had not yet been served with the complaint. The trial court, noting that the complaint alleged that "the corporate defendant [AKCA] allegedly does business in Miami-Dade County," denied King's motion without prejudice.

That same day, October 29, 2014, AKCA was served with Raborg's complaint. AKCA quickly joined in a motion filed by King for reconsideration of the order denying his venue motion and for the first time asserted its own venue motion. AKCA's motion first reasserted King's claim that he was a resident of Polk County where he was served by substitute service on his father at his residence. It also claimed that: (1) it (AKCA) is an Ohio corporation, authorized to do business in Florida with its principal place of business and registered agent in Hillsborough County, Florida; (2) it has no agents, representatives, or offices in Miami-Dade County; (3) it maintains it books, records and bank accounts in Hillsborough County, Florida; and (4) it has no contracts, agreements or relationships with any businesses or independent contractors in Miami-Dade County. AKCA supported these allegations in their entirety by the affidavit of Scott Walls, AKCA's vice president and general manager.

Although the record before the trial court at the time these motions were considered was that King resided in either Broward or Polk Counties and that

4

AKCA had no agents or representatives in Miami-Dade County, AKCA's venue motion was denied.

For the following reasons, we reverse the orders on appeal and remand (1) to provide Raborg with an opportunity to present evidence to rebut AKCA's evidence that it has no agents or representatives in Miami-Dade County so as to subject it being sued here; (2) to allow the trial court to determine whether King resides in either Broward or Polk County; and, (3) to allow the trial court, based on these determinations, to decide where venue properly lies.

A "plaintiff has the prerogative 'to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiff's selection will not be disturbed.'" Padin v. Travis, 990 So. 2d 1255, 1256 (Fla. 4th DCA 2008) (quoting Premier Cruise Lines, Ltd. v. Gavrilis, 554 So. 2d 659, 660 (Fla. 3d DCA 1990)). However, an action must be brought "only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." § 47.011, Fla. Stat. (2014). Where, as here, multiple defendants are involved, venue is proper in any county in which one of the defendants resides. See § 47.021, Fla. Stat. (2014) ("Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides."). By virtue of the complaint's allegations that King is a

resident of Broward County, and because the cause of action accrued in Broward County, venue is proper in Miami-Dade County only if AKCA "resides" here.

AKCA, as Raborg alleges in his complaint, is a foreign corporation. Thus, for venue purposes AKCA in effect "resides" in any county where it "has an agent or other representative" and may be sued in any such county or where the cause of action accrued or where the property at issue is located. § 47.051, Fla. Stat. (2014) (providing that actions against foreign corporations must be "brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located."). No property is involved in this litigation, and the complaint confirms that Raborg's cause of action accrued in Broward County. See Drucker v. Duvall, 61 So. 3d 468, 471 (Fla. 4th DCA 2011) ("'For purposes of venue, a tort claim is deemed to have accrued 'where the last event necessary to make the defendant liable for the tort took place.' Stated another way, a tort accrues in the county where the plaintiff first suffers injury.' McDaniel [Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc., 39 So. 3d 504, 509 (Fla. 4th DCA 2010) (quoting Tucker v. Fianson, 484 So. 2d 1370, 1371 (Fla. 3d DCA 1986)]. A tort does not accrue until both the wrongful act and the injury have occurred. Id."). While Raborg alleges in his unverified complaint that AKCA "had an agent or other representative in Miami-Dade County, Florida," AKCA has controverted these allegations with a

6

sworn statement that it has no agents or representatives in, and indeed no connection to, Miami-Dade County. The burden has now shifted to Raborg to adduce evidence to overcome these sworn factual representations. See Residential Sav. Mortg., Inc. v. Keesling, 73 So. 3d 280, 283 (Fla. 2d DCA 2011) ("[W]hen a defendant challenges venue by filing an affidavit controverting the plaintiff's venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection." (quoting Am. Vehicle Ins. Co. v. Goheagan, 35 So. 3d 1001, 1003 (Fla. 4th DCA 2010))).

Raborg argues, and we agree, that at the time the venue motions were heard below, the parties had not yet had sufficient time to finalize discovery relating to venue. We therefore reverse the order denying AKCA's venue motion and remand to the court below to allow Raborg an opportunity to adduce evidence to show that its venue selection is appropriate. See Kinetiks.Com, Inc. v. Sweeney, 789 So. 2d 1221, 1223 (Fla. 1st DCA 2001) ("A motion by the defendant to dismiss or transfer venue on the ground of improper venue raises issues of fact which must be resolved by an evidentiary hearing, unless the complaint shows on its face that venue is improper.").

In doing so, we note that considerations inherent in a motion to transfer venue on convenience grounds are not at issue here. See § 47.122, Fla. Stat. (2014) ("For the convenience of the parties or witnesses or in the interest of justice,

7

any court of record may transfer any civil action to any other court of record in which it might have been brought."); Eggers v. Eggers, 776 So. 2d 1096, 1098 (Fla. 5th DCA 2001) ("A motion to dismiss/transfer venue due to the impropriety of the plaintiff's venue selection is significantly different than a motion to transfer on *forum non conveniens* grounds."). We also note that "doing business" is not the applicable standard for determining whether venue as to AKCA is proper in Miami-Dade County. See § 47.051, Fla. Stat. (2014) ("Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or representative, where the cause of action accrued, or where the property in litigation is located."); Magical Cruise Co. Ltd. v. Lohinski, 829 So. 2d 925, 928 (Fla. 3d DCA 2002) (recognizing that "doing business" is not the test for obtaining venue in actions against a foreign corporation, explaining that "[i]f 'doing business' was sufficient to establish venue, any agent or representative of a foreign corporation passing through a county on routine business could be deemed to have subjected such corporation to suit in that county, even though the foreign corporation has no other connections"); Piper Aircraft Corp. v. Schwendemann, 564 So. 2d 546, 547 (Fla. 3d DCA 2008) (recognizing that "agent" and "representative" are not synonymous for purposes of section 47.051); Vellanti v. Piper Aircraft Corp., 394 So. 2d 1063, 1063 (Fla. 3d DCA 1981)

8

(stating that venue is appropriate in the county where the corporation has an agent designated to accept service of process on its behalf).

Should the trial court determine that venue as to AKCA is not proper in Miami-Dade County, then absent an agreement of the parties, it must determine whether King is a resident of Polk County as he claims, and if so, as between Polk County (where King is resides), Hillsborough County (where venue purportedly is proper as to AKCA), and Broward County (where the cause of action accrued), which county is the proper place for this action to be tried.

Reversed and remanded.