434 So.2d 344 (1983)
HOLIDAY TRUCK AND CAR SALES, INC., a Florida Corporation, A.J. Eardley and Richard Scepkowski, Appellants,
v.
Rolf COLDEWEY, Appellee.
No. 83-18.
District Court of Appeal of Florida, Second District.
July 15, 1983.
John A. Shahan of the Law Offices of Donald E. Scholl, Tarpon Springs, for appellants.
Douglas R. Bald of Fergeson, Skipper & Shaw, P.A., Sarasota, for appellee.
*345 GRIMES, Judge.
Appellants complain that the court erred in failing to grant their motion to change venue from Sarasota County to Pasco County.
Appellee, a Sarasota County resident, brought suit against Holiday Truck and Car Sales, Inc., a Florida corporation, A.J. Eardley and Richard Scepkowski over the purchase of a tractor from Holiday. He alleged that the appellants made fraudulent misrepresentations concerning title and that even though he later returned the tractor, he was not repaid the purchase price. He sought damages for breach of contract and fraud.
In an affidavit attached to appellants' motion, Eardley, a Holiday employee, recited that he and Scepkowski were residents of Pasco County and that Holiday had its only corporate office in Pasco County. He also stated that all negotiations involving the matters alleged in the complaint took place in Pasco County. The appellee filed no countervailing affidavit, and the complaint was unsworn.
The only plausible theory for maintaining this suit in Sarasota County is that the cause of action accrued there. §§ 47.011, 47.051, Fla. Stat. (1981). Yet, appellee made no effort to contradict the sworn statement that all the acts upon which the cause of action was premised occurred in Pasco County. Consequently, the court should have directed a change of venue to Pasco County. Straske v. McGillicuddy, 388 So.2d 1334 (Fla. 2d DCA 1980); Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978).
REVERSED.
HOBSON, A.C.J., and RYDER, J., concur.