483 So.2d 872 (1986)
ETH-WHA, INC., a Kentucky Corporation, D/B/a Budget Rent-a-Car of Vero Beach, Appellant,
v.
Sherry BLANKENSHIP and Dennis Blankenship, Wife and Husband, Individuals, Appellees.
No. 85-1814.
District Court of Appeal of Florida, Second District.
February 28, 1986.
*873 E. Robert Miller, Tampa, and Robin M. Petersen, Vero Beach, for appellant.
Edward C. Rood of Rood & Associates, Tampa, for appellees.
DANAHY, Acting Chief Judge.
Eth-Wha, Inc., appeals a nonfinal order denying its motion to transfer venue to Indian River County. We find that the trial court erred in ruling that venue was properly laid in Hillsborough County and therefore reverse.
Appellees, residents of Hillsborough County, filed an amended complaint in the Circuit Court for Hillsborough County seeking damages for personal injuries arising out of an automobile accident in Monroe County. The automobile which collided with appellees' automobile had been rented from appellant in Indian River County. Appellees further alleged that appellant had offices located in Hillsborough County.
Appellant supported its motion challenging venue with an affidavit of its corporate secretary which stated that appellant's "sole place of business is in Vero Beach, Indian River County, Florida" and that appellant has "no offices ... agents or representatives ... engaged in business in Hillsborough County." Appellees did not respond to the affidavit.
Appellant is a foreign corporation doing business in Florida. Section 47.051, Florida Statutes (1983), the relevant venue statute, provides that such actions:
[S]hall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
It is the plaintiff's prerogative to initially select the venue in accordance with the applicable venue statute; the burden of pleading and proving that venue is improper is upon the defendant. See Sheffield Steel Products v. Powell Brothers, 385 So.2d 161 (Fla. 5th DCA 1980); Perry Building Systems v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978); Velez v. Mell D. Leonard & Associates, 338 So.2d 896 (Fla.2d DCA 1976).
In the case before us, appellant met its burden and demonstrated that appellees' selection of venue was improper. Although the unsworn factual allegation in appellees' complaint that appellant had offices in Hillsborough County might have supported the trial court's ruling, appellant filed an affidavit controverting that allegation. Thereupon, appellees were required to prove that their selection of Hillsborough County was proper. See Sheffield. They failed to do so. Under such circumstances, the bare allegation in appellees' amended complaint is insufficient to sustain their initial selection of venue. See Sheffield Steel Products; Perry Building Systems; Velez. Consequently, appellant's motion to transfer venue should have been granted.
Accordingly, we reverse the order of the trial court and remand the cause with directions to enter an order transferring this action to the circuit court of either Monroe County, where the cause of action accrued, or Indian River County, where the appellant has an office. Fla.R.Civ.P. 1.060(b). See Macasphalt Corp. v. General Development Corp., 353 So.2d 878 (Fla.3d DCA 1977).
SCHOONOVER and FRANK, JJ., concur.