501 So.2d 1373 (1987)
TROPICANA PRODUCTS, INC., Appellant,
v.
Hoke H. SHIRLEY, Jr. and Wife, Sarah Greenwood Shirley; John F. Flanagan and Wife, Sarah W. Flanagan; Aaron Boyette; C. Stuart Tullis and Wife, Mary Jean Tullis, Appellees.
No. 86-881.
District Court of Appeal of Florida, Second District.
February 6, 1987.
*1374 H. Roger Lutz and J. Allen Bobo of Holland & Knight, Bradenton, for appellant.
Thomas L. Clarke, Jr. of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellees.
RYDER, Acting Chief Judge.
The parties entered into a cash purchase contract in August of 1984. In the contract, Tropicana agreed to buy all of the oranges from the appellees'/sellers' [hereinafter collectively referred to as Shirley] Friendship Grove and Charlie Creek Grove for the 1984-85 through 1986-87 seasons. The contract required that Shirley pick the fruit and deliver it to the buyer. The buyer was listed in the contract as Tropicana Products, Inc. of Bradenton, Florida. The contract had a clause in it which stated, "Should legal action be brought to enforce the terms of this contract, it may be brought in Bradenton, Manatee County, Florida," which we view as merely permissive.
In December of 1984, Shirley conveyed Charlie Creek Grove by warranty deed to a third party. The conveyance included the 1984-85 fruit crop and all subsequent fruit crops, and the sale of the grove was subject to the terms of the cash purchase contract. Tropicana and the third party complied with the terms of the contract for the entire growing season designated as 1984-85. In December 1985, Tropicana advised Shirley that it would not accept delivery for the 1985-86 fruit crop of the Friendship Grove pursuant to the terms of the contract. Subsequently, Shirley sold the 1985-86 fruit crop at a price less than the terms in the cash purchase contract. Shirley then filed an action in Hardee County seeking damages for breach of contract relative to the 1985-86 fruit crop, and seeking a declaratory judgment that the contract is valid and binding on the parties for the fruit crop year 1986-87.
Tropicana filed a motion to dismiss Shirley's complaint due to improper venue, and attached an affidavit of Dan Lovelace, Tropicana's vice president for fruit procurement. After a hearing on the motion, the trial court denied Tropicana's motion to dismiss for improper venue. This timely interlocutory appeal by Tropicana followed.
Tropicana raises two issues on appeal. We find merit in both. First, Tropicana argues that the trial court erred in denying the motion to dismiss for improper venue because Shirley's choice of venue is contrary to section 47.051, Florida Statutes (1985). Tropicana is a foreign corporation (Delaware). As such, proper venue can be found by any one of three alternative methods: in a county where such corporation has an agent or other representative; where the cause of action accrued; or where the property in litigation is located. § 47.051, Fla. Stat. (1985). These alternatives will be taken in reverse order. There is no "property in litigation" in this action for purposes of venue. This alternative is apparently related to the legal concept called the "local action rule." "Under the local action rule, a suit primarily seeking the transfer of title to real property was considered to be quasi in rem and was required to be brought in the county wherein the land was situated." Sales v. Berzin, 212 So.2d 23, 24 (Fla. 4th DCA 1968). Hendry Corp. v. State Board of Trustees of Internal Improvement Trust Fund, 313 So.2d 453, 454 (Fla. 2d DCA 1975). Florida courts have generally restricted this alternative to actions where the title to real property is brought into question.[1] Therefore, this alternative is not open to Shirley.
The second venue alternative in a suit against a foreign corporation is "where the cause of action accrued." "A cause of action on a contract accrues for *1375 venue purposes where the breach of that contract occurs, and if a contract involves performance, the breach occurs where the defaulting party fails to perform an act that it has agreed to do." Speedling, Inc. v. Krig, 378 So.2d 57, 58 (Fla. 2d DCA 1979). In the instant case, Shirley sued Tropicana for damages resulting from Tropicana's alleged breach of the contract by refusing to accept the 1985-86 fruit crop. The declaratory judgment count concerned Tropicana's alleged anticipatory breach of contract in refusing to accept the 1986-87 fruit crop. Tropicana's alleged breach of contract is the gravamen of Shirley's complaint. Shirley argues that the "gravamen" of this action is the sale of the Charlie Creek Grove in Hardee County. Shirley argues that Tropicana refused to accept the fruit crop for 1985-86 by stating that Shirley breached the cash purchase contract when he sold the Charlie Creek Grove to a third party. The "gravamen" of an action cannot be what the plaintiff anticipates the defendant may raise as a defense. The alleged breach in the instant cause of action  the gravamen of the action  is Tropicana's refusal to accept delivery in Manatee County of Shirley's 1985-86 fruit crop. The breach occurred in Manatee County, therefore, the cause of action for venue purposes arose in Manatee County. Venue would be proper in Manatee County.
The last alternative for proper venue in a suit against a foreign corporation is "in a county where such corporation has an agent or other representative." From the beginning of this action to the point of this appeal, Shirley has relied upon an unsworn complaint. Paragraphs 2 and 16 of the complaint allege that Tropicana maintains an office in Highlands County, Florida. The affidavit of Dan Lovelace attached to Tropicana's motion to dismiss for improper venue states that Tropicana does have an office in Manatee County but does not have an office in Hardee County. Dan Lovelace testified at the hearing on Tropicana's motion to dismiss. During cross-examination, Lovelace testified that Tropicana maintains an office in Avon Park, which is located in Highlands County, Florida. Under this alternative, venue is proper in either Manatee County or Highlands County, because the record before us indicates Tropicana has "an agent or other representative" in those counties.
In sum, from the evidence presented to the trial court, venue is proper in either Manatee County or Highlands County. The trial court erred in finding venue proper in Hardee County. Tropicana moved for dismissal of the complaint due to improper venue, but that remedy is too harsh. The Florida Rules of Civil Procedure provide for a transfer of the action in this situation. We reverse and direct the trial court, upon remand, to transfer the action pursuant to Florida Rule of Civil Procedure 1.060(b).
Tropicana's second point on appeal has merit as well, but is not dispositive given our direction to the trial court in the first point on appeal. As stated above, Shirley (the plaintiff herein) relied upon an unsworn complaint in his venue selection. Absent a challenge by a defendant, an unsworn complaint is sufficient to allege venue. However, once a defendant has challenged venue with an affidavit controverting a plaintiff's venue allegation, the burden is upon the plaintiff to prove that the selection of venue is proper. Eth-Wha, Inc. v. Blankenship, 483 So.2d 872, 873 (Fla. 2d DCA 1986); Holiday Truck & Car Sales, Inc. v. Coldewey, 434 So.2d 344, 345 (Fla. 2d DCA 1983). In this case, Shirley failed to produce any sworn evidence  either by affidavit or by testimony at the hearing  that his selection of venue was proper. Based upon that fact alone, the trial court erred in finding venue proper in Hardee County when all of the sworn evidence before the trial court indicated that venue was not proper in Hardee County. The unsworn complaint was insufficient to rebut Tropicana's sworn-to evidence of improper venue. The trial court's order denying Tropicana's motion to dismiss for improper venue is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
*1376 Reversed and remanded with instructions.
SCHOONOVER and HALL, JJ., concur.
NOTES
[1] This limitation is consistent with the provision in Florida's Uniform Commercial Code relating to goods to be severed from realty. § 672.107, Fla. Stat. (1985).