HALL, Acting Chief Judge.
This case involves seven consolidated appeals from four circuit court actions involving one appellee, R. & W. Fruit Company. Each case involves a similar fact situation with two common appellants, Dempsey and Jelsma, who are copartners in the partnership of Skyland Farms. It is alleged that in all of the events described in the complaint Dempsey was acting as a partner in said partnership. The appellee alleges in its unsworn complaint that it is a corporation organized and acting under the laws of the state of Florida, with its principal place of business in DeSoto County, Florida, and that Dempsey is a resident of DeSoto County, Florida. The appellee further alleges that it is in the business of buying and selling fruit grown and produced by individual and corporate growers on citrus groves located in the state of Florida, and that it sold fruit to Dempsey, who is also in the business of buying and selling fruit. Dempsey in turn sold said fruit to the appellants citrus processors Cook & Sons and Citrus Service, delivering the fruit in the appellee’s trucks to the appellants. The cases were all filed by the appellee in DeSoto County. The appellants filed motions to dismiss or transfer for improper venue with sworn affidavits sufficient to controvert the appellee’s selection of venue in DeSoto County. The trial court denied all of the motions. The appellants contend in this appeal that the trial court erred in denying their motions in light of the sworn evidence establishing the impropriety of venue in DeSoto County and the failure of the appellee to file any countervailing affidavits. We agree.
According to section 47.011, Florida Statutes (1985), “actions shall be brought only in the county where the defendant resides, where the cause of action accrued or where the property in litigation is located.” Because there is no property in litigation in the instant case we are only concerned with the residences of the defendants and where the causes of action accrued.
The only defendant the appellee alleges to be a resident of DeSoto County is Dempsey, a defendant common to all of the causes. Section 47.021, Florida Statutes (1985), provides that “[a]ctions against two or more defendants may be brought in any county in which any defendant resides.” This statute applies as of the date a cause of action is filed. Valle v. Mador, 478 So.2d 416 (Fla. 3d DCA 1985). Though the appellee in its unsworn complaints alleges that Dempsey is a resident of DeSoto County, the sworn affidavit of Dempsey filed by the appellants with their motions establishes that Dempsey was a resident of Lake County, although he was incarcerated in DeSoto County on the date the instant cause was filed. A person does not establish residence at the site of a prison solely by virtue of incarceration. Ellingburg v. Connett, 457 F.2d 240 (5th Cir.1972).
The appellee filed no affidavit in response to that establishing Dempsey’s residence in Lake County. Thus, since the appellee alleged the residences of all the other appellants to be in counties other than DeSoto, and the appellants asserted in sworn affidavits that their residences were in counties other than DeSoto, it has been clearly established that venue will not lie in DeSoto County based on the residency requirement of section 47.011.
The only remaining provision of section 47.011, which would allow the appellee to select DeSoto County as the proper venue for its cause of action would be “where the cause of action accrued.” The appellee’s complaints aver that the fruit purchased by Dempsey from the appellee and sold to the appellants was delivered to the appellants in the appellee’s trucks with trip tickets showing the appellee to be the supplier of the fruit. The complaints also aver that the appellants made payment for the fruit directly to Dempsey.
*982 In the sworn affidavits accompanying their motions to dismiss or transfer for improper venue all of the appellants stated that the fruit they purchased from Dempsey was delivered to them in counties other than DeSoto, that all of their contracts with Dempsey were entered into in counties other than DeSoto and that payment to Dempsey for the fruit was made in counties other than DeSoto. Dempsey’s partner Jelsma stated in his affidavit that he has never engaged in any business or financial transactions in DeSoto County. The sworn affidavits filed by the appellants were sufficient to establish that the appellants were not engaged in any business or financial transactions in DeSoto County and that it would constitute an undue hardship on them to have to defend this cause in DeSoto County.
A plaintiff is not required to plead or prove facts in support of its selection of venue in its complaint, and an unsworn complaint is therefore sufficient to establish the plaintiffs selection. However, if the defendant sufficiently challenges the plaintiffs venue selection, the plaintiff must then prove its propriety. Tropicana Products v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987).
With their motions objecting to venue, the appellants filed sworn affidavits that were sufficient to controvert the ap-pellee’s selection of venue in DeSoto County on the basis of section 47.011. Because the appellee filed no countervailing affidavits, the trial court erred in denying the appellants’ motions objecting to venue in light of the sworn evidence establishing the impropriety of venue in DeSoto County. Tropicana.
Reversed and remanded with directions to the trial court to grant the appellants’ motions to transfer venue.
THREADGILL, J., and UPCHURCH, Associate J., concur.