513 So.2d 800 (1987)
Jerry MILLER, Shelley Marlene Miller, Steven Franklin Bruce and Allstate Bail Bonds, Inc., Appellants,
v.
SOUTHLAND INSURANCE COMPANY, INC., a Florida Corporation, et al., Appellees.
No. 87-1559.
District Court of Appeal of Florida, Fourth District.
October 14, 1987.
Bruce David Green of Bruce David Green, P.A., Fort Lauderdale, for appellants.
Michael Dubiner of Dubiner & Blumberg, P.A., Boynton Beach, for Appellee-Southland Ins. Co., Inc.
DELL, Judge.
Appellants challenge an order denying their verified motion to abate and/or change venue. Appellee filed an action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Appellee's complaint alleged, among other things, a breach of contract, conversion, breach of fiduciary duty, theft and violation of the RICO statute.
Appellants filed a verified motion to abate or change venue. Appellants stated in their motion that all of the individual defendants resided in Broward County, Florida and that Allstate Bail Bonds, Inc. maintained its sole and only place of business in Dade County, Florida. They further stated that the place for performance of the contract was Dade County, Florida and that "no other acts or other thing relevant to the above styled matter transpired or occurred in Palm Beach County, Florida... ." Appellee did not offer any evidence by way of affidavit or otherwise to contradict appellants' verified motion and accompanying affidavits.
Appellee did not expressly allege a breach of the contract in Palm Beach County. Although the trial court found that "the parties' agreement appears to require certain deliveries in Palm Beach County, Florida," appellants' verified motion and supporting affidavits assert the place for performance was Dade County, and that nothing transpired or occurred in Palm Beach County relevant to the above styled matter.
*801 Section 47.011, Florida Statutes (1985) provides:
Where actions may be begun.  Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.
Section 47.051 provides:
Actions against corporation.  Actions against domestic corporation shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
The district court said in Tropicana Products, Inc. v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987) that
Absent a challenge by a defendant, an unsworn complaint is sufficient to allege venue. However, once a defendant has challenged venue with an affidavit controverting a plaintiff's venue allegation, the burden is upon the plaintiff to prove that the selection of venue is proper. Eth-Wha, Inc. v. Blankenship, 483 So.2d 872, 873 (Fla. 2d DCA 1986); Holiday Truck & Car Sales, Inc. v. Coldewey, 434 So.2d 344, 345 (Fla. 2d DCA 1983).
Id. at 1375.
Accordingly we reverse the trial court's order denying appellants' motion to abate and/or change venue. We remand this cause to the trial court with directions to enter such further orders as may be consistent herewith.
REVERSED and REMANDED.
DOWNEY and LETTS, JJ., concur.