SMITH, Chief Judge.
This is an appeal from an order denying a motion to transfer venue from Duval County to Orange County, Florida. We reverse.
The appellees, plaintiffs below, filed suit against the appellant based on fraud. The complaint alleges that the appellant, a financial advisor to some of the appellees, fraudulently induced the appellees to invest in a casino gaming concession on a cruise ship. In return for their investment, appel-lees were to receive stock and promissory notes. According to the complaint, the ap-pellees never received their stock, and when a demand was made on the notes, the payor (the gaming concession) claimed it did not have sufficient funds and that the appellant failed to transfer all of the investment agreed upon by the appellees and concession. The complaint does not allege that any conduct material to the alleged fraudulent conduct occurred in Duval County. Nor does the complaint allege the appellant’s residence to be in Duval County-
The appellant filed a motion to transfer or abate for improper venue pursuant to Rule 1.140(b), Fla.R.Civ.P. In the affidavit filed in support of the motion, the appellant asserted that all business between the appellant and the appellees was conducted in Orange County, and that all times material to the action, the appellant resided in Orange County. Following a hearing on the motion, the trial court issued an order denying the motion without explanation.
*573 In Hart v. Handling Systems Engineering, Inc., 502 So.2d 1319 (Fla. 1st. DCA 1987), this court held that in order to maintain suit in a county other than that of the defendant’s residence, the complaint should “circumscribe facts” which bring the cause within one of the permissible venue provisions set forth in section 47.011, Florida Statutes. Thus, it is incumbent upon a plaintiff, when the suit is maintained outside a defendant’s county or residence, to allege in his complaint facts which demonstrate that the property in litigation is located or that the cause of action accrued in the county where the complaint is filed. See James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970). Cf. Tropicana Products v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987) (once a defendant has challenged venue with an affidavit controverting a plaintiff’s venue allegation, the burden is upon the plaintiff to prove that venue is proper), cited with approval, Miller v. Southland Insurance Co., Inc., 513 So.2d 800, 801 (Fla. 4th DCA 1987); and Cook & Sons Enterprises v. R & W Fruit, 512 So.2d 980 (Fla. 2d DCA 1987).
In this case, the appellees have made no affirmative showing why venue properly lies in Duval County. There was certainly no reference in the four corners of the complaint to any activity occurring in Duval County which was pertinent to this cause of action, and there was no evidence by affidavit or otherwise contradicting the appellant’s motion and affidavit. Denial of the motion to transfer was therefore an abuse of discretion. Accordingly, the order denying venue is reversed, and upon remand the trial court is instructed to grant the appellant’s motion to transfer venue to Orange County.
REVERSED AND REMANDED.
ERVIN and NIMMONS, JJ., concur.