PER CURIAM.
CSX Transportation, Inc. (“CSX”) filed a complaint against Stuart Supply, Inc. (“Stuart”) seeking recovery of money allegedly owed by Stuart according to the account between the parties and freight bills rendered. Stuart is a building materials supply company, and CSX provides rail transportation of these materials, with delivery in Pompano Beach, Florida. In the complaint, CSX alleged that payment was to be made in Duval County, Florida.
Stuart answered, asserting that venue was properly in Broward County, Florida, and filed a motion for change of venue on the grounds that there was no basis for venue in Duval County under section 47.051, Florida Statutes, or alternatively, that venue in Du-val County was inconvenient. Along with this motion, Stuart submitted the affidavit of its president, who stated that its principal place of business is in Broward County, and it does business only in Dade, Broward, Palm Beach, and Lee counties. Further, Stuart had never consented to being sued in Duval County or any location outside of Broward County, and had never agreed to make payments in Duval County. In his affidavit, Stuart’s president also denied having received a letter from CSX demanding payment in Jacksonville, and stated that any payments that would have been due would have been due in Charlotte, North Carolina. He stated that all deliveries were to be made in Broward county, and all witnesses were located in Broward county.,
CSX submitted no evidence in opposition to Stuart’s motion and affidavit. Ultimately, the court ruled that Duval county was one of the venue choices available to CSX, and that “although bills of lading originally presented to the defendant indicate payment should be made to an address in Charlotte, North Carolina, the matters presented by counsel indicate that all debt collection by the plaintiff has actually been made from its home office in Duval County.” The trial court denied Stuart’s motion for change of venue. We reverse.
“It is the plaintiffs prerogative to initially select the venue in accordance with the applicable venue statute; the burden of *816 pleading and proving that venue is improper is upon the defendant.” See Eth-Wha, Inc. v. Blankenship, 483 So.2d 872 (Fla. 2d DCA 1986). Once the defendant meets that burden and demonstrates that venue is improper, the plaintiff must show their venue selection was proper. Id.
In this case, since there is no property in litigation, the venue choices are based on the location of Stuart’s office for the transaction of customary business (Broward County) or the location where the cause of action accrued. See § 47.051, Fla. Stat. CSX contends that venue was proper in Duval County, as that is where payment was due, based on the November 4, 1996, demand letter allegedly sent to Stuart, a copy of which was attached to the complaint. Stuart asserts that the allegation in the complaint that payment was due in Duval County was unverified and contradicted by the freight bills attached to the complaint, which showed payment due in Charlotte.
The demand letter did not specifically call for payment in Jacksonville, although the letterhead indicates that is where the letter originated. The stationery on which the demand letter was written included a Jacksonville address and phone number, and the letter called for payment “in our office.” However, all indications are that the agreement between the parties called for payment to be made in Charlotte, North Carolina; the freight bills indicated that correspondence should be mailed to Jacksonville, and payment should be mailed to Charlotte. See,e.g., Boca Research, Inc. v. Kroll Associates, Inc., 677 So.2d 419 (Fla. 3d DCA 1996)(“‘[a]n action ... on a contract for payment of money, where the contract debtor has defaulted on payments thereunder, accrues in the county where payment was agreed to be made’ ”). The debtor must seek out the creditor only where the contract does not provide where payment was to be made. See id.
Further, to the extent that the demand letter could unilaterally change the place where payment was due, Stuart, through the affidavit of its president, denied ever having received the demand letter, and CSX presented no evidence to the contrary. When an affidavit to the contrary has been filed, an unsworn allegation in the complaint is insufficient to carry the burden of showing-venue is proper. See, e.g., Tropicana Products, Inc. v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987)(unsworn complaint insufficient to rebut sworn evidence of improper venue).
REVERSED and REMANDED with directions to grant the motion for change of venue.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.