FULMER, Judge.
The defendant, Joseph Tulli, appeals from a nonfinal order denying his “Motion to Abate or Transfer for Improper Venue.” We reverse because Joseph Tulli was entitled to the venue transfer based on his uncontradicted affidavit.
In her unsworn complaint, filed in Sarasota County, the plaintiff, Palma Tulli, alleged that she was to receive a check “as a down payment on a real estate sale in Sarasota County,” and that Joseph Tulli “took possession” of the check and either forged her signature or otherwise caused it to be negotiated. Joseph Tulli filed an affidavit with his motion to transfer venue, asserting that he is a resident of Duval *214 County and the only transaction at issue concerns his receipt by mail in Duval County of a check, sent at the direction of his mother, the plaintiff, by a real estate closing agent in Charlotte County. Joseph Tulli stated in the affidavit that he deposited the check in his account in Duval County-
Section 47.011, Florida Statutes (1997), provides that actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. While an unsworn complaint is sufficient to allege venue, once a defendant challenges venue with an affidavit controverting the plaintiffs venue selection, the burden is on the plaintiff to prove that the selection of venue is proper. See Tropicana Prods., Inc. v. Shirley, 501 So.2d 1373, 1375 (Fla. 2d DCA 1987). .
The only plausible basis for Palma Tulli to maintain her suit in Sarasota County would be that the cause of action accrued there. See Holiday Truck & Car Sales, Inc. v. Coldewey, 434 So.2d 344, 345 (Fla. 2d DCA 1983). Because Palma Tulli filed no countervailing affidavit to that of Joseph Tulli, she did not contradict his sworn statement that all acts upon which the cause of action was based occurred in Duval County. Accordingly, the trial court erred in denying the motion to transfer venue. See id.; see also Eth-Wha, Inc. v. Blankenship, 483 So.2d 872, 873 (Fla. 2d DCA 1986). We, therefore, reverse and remand for the trial court to enter an order transferring the cause to Duval County.
Reversed and remanded.
THREADGILL, A.C.J., and DAVIS, J., concur.