EVANDER, J.
Appellants contend that the trial court erred in denying their verified motion to dismiss a libel action filed against them in Orange County, Florida, based on improper venue. We agree. The record does not support appellees’ claim that the alleged libelous documents were published to third persons in Orange County.
Appellees were counsel for Ms. Darlene Seufzer in a personal injury action brought by Ms. Seufzer, on behalf of Brittany Walker, against Many Mansions, R.V. Park, Inc. and two other defendants in Pasco County, Florida. Counsel for Many Mansions retained appellants to conduct a vocational rehabilitation examination of Ms. Walker. The examination was to be administered by Drs. Leitten and Shahna-sarian in Hillsborough County, Florida, at the offices of Career Consultants of America, Inc. (the doctors’ employer). The examination had barely begun when disputes *350 arose between appellants and appellee Maria Tejedor regarding the procedure and format to be used by appellants in conducting the examination. It is unnecessary to detail the precise nature of the disputes — -it is sufficient to state that the examination did not take place.
Dr. Leitten subsequently sent Dr. Shah-nasarian an interoffice memorandum purporting to summarize the events of the unsuccessful attempt to examine Ms. Walker. In turn Dr. Shahnasarian sent a letter to the attorney who had retained appellants’ services on behalf of Many Mansions. Dr. Leitten’s memorandum was attached to Dr. Shahnasarian’s letter. Many Mansions’ counsel’s office was also located in Hillsborough County. Many Mansions’ counsel then filed a motion with the Sixth Judicial Circuit in and for Pasco County seeking to compel and to set the parameters of a vocational rehabilitation examination of Ms. Walker. Dr. Shahna-sarian’s letter and Dr. Leitten’s memorandum were attached as exhibits to the motion. The motion was served upon all counsel of record — with appellees being the only counsel in the Many Mansions’ litigation located in Orange County.
Subsequently, based on alleged defamatory statements in Dr. Shahnasarian’s letter and Dr. Leitten’s memorandum, ap-pellees filed the instant libel action in Orange County. In response, appellants filed their verified motion. The motion was supported by affidavits by Dr. Shah-nasarian and Dr. Leitten. In his affidavit, Dr. Shahnasarian averred, inter alia:
1.That he is a resident of Hillsborough County;
2. That he was the founder and president of Career Consultants of America, Inc.;
3. That at all material times, Career Consultants of America, Inc. transacted its customary business in Hillsborough County;
4. That Career Consultants of America, Inc., had never maintained an office in Orange County;
5. That the only person to whom he had transmitted correspondence summarizing the attempted examination of Brittany Walker was, via facsimile, to Many Mansions’ defense counsel, Joseph Patsko, at Patsko’s office in Hillsborough County.
Dr. Leitten averred in his affidavit, that he was a Hillsborough County resident and that the only person to whom he had transmitted his memorandum was Dr. Shahnasarian.
Appellees filed only the affidavit of Teje-dor in opposition to the motion to dismiss. There are only two paragraphs in Teje-dor’s affidavit containing factual assertions relevant to the issue of publication;
3. The [alleged defamatory documents] were circulated to me in Orange County, Florida, at my office....
[[Image here]]
6. Since these materials are public record of the State of Florida, it has been distributed to every County in the State of Florida, including the County where it was delivered to me.
After considering the three above-described affidavits and hearing counsels’ arguments, the trial court denied the motion.[1]
*351 Pursuant to section 47.011, Florida Statutes (2008), actions against an individual shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. Where the defendant is a domestic corporation, the action shall be brought only in the county where the corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. § 47.051, Fla. Stat. (2008). Here, the only issue is whether appellees’ cause of action accrued in Orange County.
Absent a challenge by a defendant, an unsworn complaint is sufficient to allege venue. However, once a defendant has challenged venue with an affidavit controverting a plaintiffs venue allegations, the burden is upon the plaintiff to prove that the selection of venue is proper. Tropicana Products, Inc. v. Shirley, 501 So.2d 1373, 1375 (Fla. 2d DCA 1987); see also American Vehicle Ins. Co. v. Goheagan, 35 So.3d 1001 (Fla. 4th DCA 2010); Miller v. Southland Ins. Co., Inc., 513 So.2d 800, 801 (Fla. 4th DCA 1987). Here, Dr. Shah-nasarian’s and Dr. Leitten’s affidavits sufficiently controverted appellees’ venue allegation, thereby shifting the burden of proof to appellees. To meet that burden, appellees were required to present sworn evidence that their venue selection was proper. Tropicana Products, Inc., 501 So.2d at 1375. They failed to meet that burden.
Tejedor’s averment that the alleged defamatory documents were “circulated to me in Orange County” (emphasis added) fails to support appellees’ argument that the cause of action accrued in Orange County. For libel to be actionable, the libelous material must be communicated to a third person. See American Airlines, Inc. v. Geddes, 960 So.2d 830, 833 (Fla. 3d DCA 2007); Granda-Centeno v. Lara, 489 So.2d 142 (Fla. 3d DCA 1986); see also American Ideal Management, Inc. v. Dale Village, Inc., 567 So.2d 497, 498 (Fla. 4th DCA 1990) (in order for defamatory statement to be actionable it must be communicated to one other than person defamed).
We also reject appellees’ claim that the motion to dismiss was properly denied based on Tejedor’s sworn statement that because the alleged defamatory documents were placed in public records in Pasco County, publication occurred in every county in the state. In doing so, we find it unnecessary to address the question of whether an individual who places a defamatory document in the public records of one county subjects himself to suit in any county from which a third person has accessed the public record by computer. In this case, there is no evidence that Dr. Shahnasarian or Dr. Leitten had placed or authorized the placement of these documents in the public records. Dr. Shahnasa-rian only sent the documents to Many Mansion’s counsel. It was Many Mansion’s counsel who placed the documents in the public records. Additionally, the record is devoid of any evidence that a third person in Orange County “received” these alleged libelous documents in Orange County as a result of their placement in a court file in Pasco County.[2]
*352 Rather than dismiss appellees’ complaint, the trial court should transfer the case to Hillsborough County pursuant to Florida Rule of Civil Procedure 1.060(b).
REVERSED and REMANDED.
TORPYand LAWSON, JJ., concur.

. On appeal, appellants argue that the alleged defamatory statements were privileged. That issue was not the subject of the motion to dismiss and, accordingly, we decline to address it.

. In their brief, appellees ask us to consider unsworn statements of counsel made at the hearing on the motion to dismiss. Specifically, Tejedor, stated: "I haven't been the only person that’s read this memo, this libelous, untrue memo. My partners have read the memo, my staff has read the memo.” A lawyer's unsworn statements cannot overcome actual testimony to the contrary. Centennial Ins. Co. v. Fulton, 532 So.2d 1329, 1331 (Fla. 3d DCA 1988). Additionally, these statements do not identify who published the statements to Tejedor’s partners and staff.