DAVIS, Judge.
Russell Hightower, Sandra Hightower, and Derek Hightower challenge the trial court’s interlocutory order granting the Estate of Louise Lyman’s motion to transfer venue of the Hightowers’ action against the Estate and Woodmen of the World Life Insurance Society. Because the Estate failed to meet its burden of successfully challenging the Hightowers’ choice of venue, we reverse.
The Hightowers’ complaint sought a declaratory judgment stating that they were entitled to certain monetary funds that were derived from the value of surrendered life insurance certificates. The funds had been in Woodmen’s possession, and the Hightowers alleged that Woodmen wrongfully paid the funds to the Estate. The Hightowers also alleged that prior to this payment, the parties had tentatively agreed that the funds should be posted with the Manatee County Clerk of Court or deposited into a Manatee County bank account pending the outcome of the declaratory action. The Hightowers also sought damages against Woodmen stemming from Woodmen’s improper payment of the funds. With respect to this claim, the Hightowers’ complaint specifically stated that “Woodmen wrongfully paid those funds actually belonging to the Hightowers to the Estate of Louise Lyman ... without legal right, title, or authority” and that “these funds were due and owing to the *379 Hightowers and the funds were due and payable in Manatee County, Florida.”
The Hightowers brought this suit in Manatee County. The Estate then moved to dismiss or in the alternative to change venue to Sarasota County. In support of the Estate’s motion to change venue, the personal representative of the Estate presented his own affidavit, in which he swore that Louise Lyman had been a resident of Sarasota County prior to her death, that probate for the Estate had been opened in Sarasota County, and that the personal representative was a resident of Sarasota County. In opposition, the Hightowers argued that in suits involving more than one defendant, venue is proper for all defendants where it is proper for any one defendant. The Hightowers also argued that venue was proper in Manatee County as to Woodmen because their cause of action against Woodmen accrued in Manatee County where the funds at issue were due to be — but were not — paid to the Hightow-ers.
The trial court, however, determined that “[b]ased upon th[e] affidavit ... the defendant has successfully challenged venue, and ... the burden then indeed shifts to the plaintiff for the court to determine if venue in Manatee County is proper.” The court concluded that the Hightowers’ allegation “that a check or insurance payment was potentially going to be sent to an address in Manatee County does not sufficiently establish venue.” We disagree with both of these determinations.
“It is the plaintiffs prerogative to initially select the venue in accordance with the applicable venue statute; the burden of pleading and proving that venue is improper is upon the defendant.” Eth-Wha, Inc. v. Blankenship, 483 So.2d 872, 873 (Fla. 2d DCA 1986); see also Breed Techs., Inc. v. AlliedSignal Inc., 861 So.2d 1227, 1230 (Fla. 2d DCA 2003) (“It is the defendant’s burden to demonstrate that the plaintiffs venue selection was improper.”); Tropicana Prods., Inc. v. Shirley, 501 So.2d 1373, 1375 (Fla. 2d DCA 1987) (“[O]nce a defendant has challenged venue with an affidavit controverting a plaintiffs venue allegation, the burden is upon the plaintiff to prove that the selection of venue is proper.”).
Here, the trial court first erred in determining that the Estate met its initial burden of showing that the Hightowers’ choice of venue was improper. Although the Estate did present the affidavit of the personal representative properly challenging venue as to the Estate, it completely failed to address venue as to the allegations against Woodmen. See § 47.041, Fla. Stat. (2010) (“Actions on several causes of action may be brought in any county where any of the causes of action arose.”); see also P.V. Holding Corp. v. Tenore, 721 So.2d 430, 431 (Fla. 3d DCA 1998) (“It is well established that where venue is proper in more than one county, the choice of forum rests with the plaintiff.”). Because the Estate did not successfully challenge venue as to Woodmen — or even raise the issue, for that matter — the burden should never have shifted back to the Hightowers to prove that their initial venue selection was proper.
However, even if it somehow could be said that the Estate properly challenged venue in this case and that the burden of proof then shifted to the High-towers, we conclude that the Hightowers successfully met their burden of proving that venue was proper as to Woodmen in Manatee County because that is where the cause of action against Woodmen accrued. See § 47.051 (“Actions against domestic corporations shall be brought only in the county where such corporation has, or usu *380 ally keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.” (emphasis added)); cf. Oliver v. Severance, 542 So.2d 408, 410 (Fla. 1st DCA 1989) (“ ‘A cause of action for a breach of an obligation to pay under an insurance policy arises at the place where the insurer is to pay the loss, and ... it is presumably to be made at the residence of the insured, and therefore a cause of action arises and is maintainable in the county of the insured’s residence where the insurer fails to pay in such county.’ ” (quoting 44 Am. Jur. 2d Insurance § 1872, at 870 (1982))).
We do recognize that the plaintiffs choice of forum “is not paramount” and that it “will not be honored where the convenience of the parties or witnesses, or the interests of justice, require the action to be transferred.” See P.V. Holding, 721 So.2d at 431. However, those considerations were neither raised by the Estate below nor addressed by the trial court. But given the fact that the change of venue sought is within the same circuit from Manatee County to Sarasota County and considering the proximity of the courthouses as well as the nature of the claims, we conclude that having venue remain in Manatee County will not greatly impinge upon either convenience or justice.
Accordingly, we reverse and remand for further proceedings.
ALTENBERND and WALLACE, JJ., Concur.