78 So.3d 1 (2011)
REGIONS FINANCIAL CORP., Appellant,
v.
Carlos MERCENARI, Guillermo Romo, and Seahaven Phase I, LLC, Appellees.
No. 3D10-1836.
District Court of Appeal of Florida, Third District.
August 31, 2011.
Rehearing Denied November 16, 2011.
Holland & Knight, Peter P. Hargitai and Sarah Stoddard Toppi and Gigi Rollini, Tallahassee; and Erin K. Allen, Jacksonville, for appellant.
Reiner & Reiner and David P. Reiner, II, Miami, for appellees Carlos Mercenari and Guillermo Romo.
Before SHEPHERD and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, J.
The defendant, Regions Financial Corp. ("Regions"), appeals from a non-final order denying its motion to transfer venue to Bay County, Florida, pursuant to section 47.122, Florida Statutes (2010). We affirm.
Carlos Mercenari and Guillermo Romo ("the plaintiffs") are residents of Miami-Dade County. The plaintiffs entered into, but subsequently terminated, three agreements to purchase pre-construction condominium units from Seahaven Phase I, LLC ("Seahaven"). The plaintiffs sued Regions and Seahaven in Miami-Dade County. As to Regions, the complaint alleged the wrongful disbursement of a portion of the plaintiffs' deposits held in escrow by Regions, and breach of fiduciary duty. The plaintiffs also alleged that all amounts due are payable in Miami-Dade County. Regions moved to transfer venue to Bay County, arguing that because a number of witnesses reside in Bay County, Escambia County, or Alabama, Bay County is the more convenient forum. After a hearing (of which no transcript exists), the trial court denied the motion and issued the instant order. This appeal followed.
*2 We review the trial court's decision for an abuse of discretion. Garcia v. Garcia, 958 So.2d 947, 948 (Fla. 3d DCA 2007); R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634, 635 (Fla. 4th DCA 1998). "The plaintiff's venue choice is presumptively correct, and a defendant bears the burden to prove that a trial in the county in which the action was filed would work a substantial inconvenience to it, and to witnesses." R.C. Storage, 714 So.2d at 635. The trial court reviewed the complaint, Regions' motion and attached affidavits, and considered the argument of counsel. Based on the record now before us, we cannot conclude that the trial court abused its discretion.
Affirmed.
SCHWARTZ, Senior Judge., concurs.
SHEPHERD, J., dissenting.
I respectfully dissent. This is an appeal by Regions Bank of a Miami-Dade County Circuit Court order denying the Bank's motion to transfer this case to the Fourteenth Judicial Circuit, in and for Bay County, Florida, filed pursuant to Florida's statutory forum non-conveniens provision, section 47.122 of the Florida Statutes (2010). I would reverse the order of the trial court.
This case arises out of an ill-fated decision by two Miami-Dade County residents, Carlos Mercenari and Guillermo Romo, to place pre-construction purchase deposits on three units in a beachfront condominium in Panama City Beach (Bay County), Florida, being developed by the defendant, Seahaven Phase I, LLC. The parties executed the purchase contracts for each unit on June 20, 2006. Pursuant to the Purchase and Sale Agreements, the deposit monies were placed in escrow with AmSouth Bank, an Alabama based bank with a branch office in Panama City. Regions Bank succeeded to the interest of AmSouth Bank in this matter sometime in 2007.
On December 11, 2008, Mercenari, Romo, and Seahaven entered into written termination agreements for the units. Regions Bank was not a signator to these agreements. On September 14, 2009, the Bank returned half of each deposit to Mercenari and Romo. The remaining portions of the deposits apparently have been released to Seahaven. Mercenari and Romo claim they are entitled to the return of all of their monies and have sued both Seahaven and Regions Bank in the Miami-Dade County Circuit Court.
The only connection this case has to Miami-Dade County is the serendipitous fact the plaintiffs live in Miami-Dade County. While the plaintiffs choice of venue is an important consideration, the trial court must balance this choice with the convenience of all the parties and witnesses. Morrill v. Lytle, 893 So.2d 671, 673-74 (Fla. 1st DCA 2005). "The plaintiff's venue privilege will not be honored where the convenience of the parties or witnesses, or the interest of justice require the action to be transferred." P.V. Holding Corp. v. Tenore, 721 So.2d 430, 431 (Fla. 3d DCA 1998). All of the activity relating to this case occurred in Bay County, Florida. Both the purchase and termination agreements were signed there, and all the activity relating to the escrow agreements occurred there. All of the defendants' witnesses are located in Bay County. See Fla. Patient's Comp. Fund v. Fla. Physicians' Ins. Reciprocal, 507 So.2d 778, 779 (Fla. 3d DCA 1987) (concluding no abuse of discretion in granting change of venue from Duval County based on convenience of key witnesses); Gaboury v. Flagler Hosp., Inc., 316 So.2d 642, 645 (Fla. 4th DCA 1975) (expressing primary purpose of venue statute is to require litigation *3 be instituted in forum that causes least amount of inconvenience and expense for parties required to answer and defend an action). Bay County is 600 miles from Miami-Dade County. Travel out of Panama City is more difficult than travel out of Miami-Dade County.
In support of its motion to transfer venue, the Bank submitted affidavits of Neel Bennett, the manager of Seahaven, and Nathan Lucas, a Regions Bank relationship manager, escrow services. The plaintiffs filed no affidavits or other sworn proof opposing the Bank's motion and affidavits in support of the transfer. The majority faults the Bank for not providing this court with the June 9, 2010, transcript from the hearing on the motion to transfer venue. See majority op. p. 1-2. While I do not dispute the hearing transcript would make review more complete, the absence of the transcript is not dispositive and does not mandate affirmance here. Once the Bank filed its affidavits controverting the plaintiffs' venue allegations, the burden shifted to the plaintiffs to establish the propriety of the venue selection. See Residential Sav. Mortg., Inc. v. Keesling, 73 So.3d 280, 283 (Fla. 2d DCA 2011) (quoting Am. Vehicle Ins. Co. v. Goheagan, 35 So.3d 1001, 1003 (Fla. 4th DCA 2010) ("[W]hen a defendant challenges venue by filing an affidavit controverting the plaintiff's venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection.")); Tropicana Prods., Inc. v. Shirley, 501 So.2d 1373, 1375 (Fla. 2d DCA 1987). The plaintiffs were required to prove their selection of Miami-Dade County was proper. See Eth-Wha, Inc. v. Blankenship, 483 So.2d 872, 873 (Fla. 2d DCA 1986). As in Eth-Wha, Inc., the plaintiffs here "failed to do so," and thus, "their bare allegation in [the plaintiffs']... complaint is insufficient to sustain their initial selection of venue." Id. I, therefore, conclude the trial court abused its discretion by denying the Bank's motion. See Tulli v. Tulli, 780 So.2d 213, 214 (Fla. 2d DCA 2001) (reversing denial of motion to transfer where appellants' affidavit established a more convenient forum, the appellee did not file a countervailing affidavit, and the complaint was unsworn); Eggers v. Eggers, 776 So.2d 1096, 1098 (Fla. 5th DCA 2001) (holding the trial court abused its discretion in denying the appellant's sworn motion to transfer where the appellee countered with no sworn evidence, and the trial court had before it only evidence that another county was the more convenient forum); accord Holiday Truck & Car Sales, Inc. v. Coldewey, 434 So.2d 344, 345 (Fla. 2d DCA 1983).
Fourteen years ago, in a case nearly identical to the one before us and involving the same venue provision, we proclaimed our fealty to the "literal and philosophical ethos" expressed by our high court in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), that "Florida should not be the forum for cases that, in reality, have no connection with Florida." Westchester Fire Ins. Co. v. Fireman's Fund Ins. Co., 673 So.2d 958, 959 (Fla. 3d DCA 1996). We then continued:
In this context, we extend the philosophical train of thought to its next and logical plane: Our district should not be a forum for cases that have little or no connection to Dade and Monroe counties. Therefore, it is the stated policy of our Court to literally apply the doctrine of forum non-conveniens where there is little else other than the plaintiff's choice of venue and where witnesses reside in other more suitable venues.
Id. The only connection this case has to Miami-Dade County is the plaintiffs' choice of venue. The case should be transferred to the Fourteenth Judicial Circuit.
*4 I would reverse and remand with directions to the trial court to enter an order transferring this action to Bay County, Florida.