SHEPHERD, J.,
dissenting.
I respectfully dissent. This is an appeal by Regions Bank of a Miami-Dade County Circuit Court order denying the Bank’s motion to transfer this case to the Fourteenth Judicial Circuit, in and for Bay County, Florida, filed pursuant to Florida’s statutory forum non-conveniens provision, section 47.122 of the Florida Statutes (2010). I would reverse the order of the trial court.
This case arises out of an ill-fated decision by two Miami-Dade County residents, Carlos Mercenari and Guillermo Romo, to place pre-construction purchase deposits on three units in a beachfront condominium in Panama City Beach (Bay County), Florida, being developed by the defendant, Seahaven Phase I, LLC. The parties executed the purchase contracts for each unit on June 20, 2006. Pursuant to the Purchase and Sale Agreements, the deposit monies were placed in escrow with Am-South Bank, an Alabama based bank with a branch office in Panama City. Regions Bank succeeded to the interest of Am-South Bank in this matter sometime in 2007.
On December 11, 2008, Mercenari, Romo, and Seahaven entered into written termination agreements for the units. Regions Bank was not a signator to these agreements. On September 14, 2009, the Bank returned half of each deposit to Mer-cenari and Romo. The remaining portions of the deposits apparently have been released to Seahaven. Mercenari and Romo claim they are entitled to the return of all of their monies and have sued both Seaha-ven and Regions Bank in the Miami-Dade County Circuit Court.
The only connection this case has to Miami-Dade County is the serendipitous fact the plaintiffs live in Miami-Dade County. While the plaintiffs choice of venue is an important consideration, the trial court must balance this choice with the convenience of all the parties and witnesses. Morrill v. Lytle, 893 So.2d 671, 673-74 (Fla. 1st DCA 2005). “The plaintiffs venue privilege will not be honored where the convenience of the parties or witnesses, or the interest of justice require the action to be transferred.” P.V. Holding Corp. v. Tenore, 721 So.2d 430, 431 (Fla. 3d DCA 1998). All of the activity relating to this case occurred in Bay County, Florida. Both the purchase and termination agreements were signed there, and all the activity relating to the escrow agreements occurred there. All of the defendants’ witnesses are located in Bay County. See Fla. Patient’s Comp. Fund v. Fla. Physicians’ Ins. Reciprocal, 507 So.2d 778, 779 (Fla. 3d DCA 1987) (concluding no abuse of discretion in granting change of venue from Duval County based on convenience of key witnesses); Gaboury v. Flagler Hosp., Inc., 316 So.2d 642, 645 (Fla. 4th DCA 1975) (expressing primary purpose of venue statute is to require liti *3 gation be instituted in forum that causes least amount of inconvenience and expense for parties required to answer and defend an action). Bay County is 600 miles from Miami-Dade County. Travel out of Panama City is more difficult than travel out of Miami-Dade County.
In support of its motion to transfer venue, the Bank submitted affidavits of Neel Bennett, the manager of Seahaven, and Nathan Lucas, a Regions Bank relationship manager, escrow services. The plaintiffs filed no affidavits or other sworn proof opposing the Bank’s motion and affidavits in support of the transfer. The majority faults the Bank for not providing this court with the June 9, 2010, transcript from the hearing on the motion to transfer venue. See majority op. p. 1-2. While I do not dispute the hearing transcript would make review more complete, the absence of the transcript is not dispositive and does not mandate affirmance here. Once the Bank filed its affidavits controverting the plaintiffs’ venue allegations, the burden shifted to the plaintiffs to establish the propriety of the venue selection. See Residential Sav. Mortg., Inc. v. Keesling, 73 So.3d 280, 283 (Fla. 2d DCA 2011) (quoting Am. Vehicle Ins. Co. v. Goheagan, 35 So.3d 1001, 1003 (Fla. 4th DCA 2010) (“[Wjhen a defendant challenges venue by filing an affidavit controverting the plaintiffs venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection.”)); Tropicana Prods., Inc. v. Shirley, 501 So.2d 1373, 1375 (Fla. 2d DCA 1987). The plaintiffs were required to prove their selection of Miami-Dade County was proper. See Eth-Wha, Inc. v. Blankenship, 483 So.2d 872, 873 (Fla. 2d. DCA 1986). As in Eth-Wha, Inc., the plaintiffs here “failed to do so,” and thus, “their bare allegation in [the plaintiffs’] ... complaint is insufficient to sustain their initial selection of venue.” Id. I, therefore, conclude the trial court abused its discretion by denying the Bank’s motion. See Tulli v. Tulli, 780 So.2d 213, 214 (Fla. 2d DCA 2001) (reversing denial of motion to transfer where appellants’ affidavit established a more convenient forum, the appellee did not file a countervailing affidavit, and the complaint was unsworn); Eggers v. Eggers, 776 So.2d 1096, 1098 (Fla. 5th DCA 2001) (holding the trial court abused its discretion in denying the appellant’s sworn motion to transfer where the appellee countered with no sworn evidence, and the trial court had before it only evidence that another county was the more convenient forum); accord Holiday Truck & Car Sales, Inc. v. Coldewey, 434 So.2d 344, 345 (Fla. 2d DCA 1983).
Fourteen years ago, in a case nearly identical to the one before us and involving the same venue provision, we proclaimed our fealty to the “literal and philosophical ethos” expressed by our high court in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), that “Florida should not be the forum for cases that, in reality, have no connection with Florida.” Westchester Fire Ins. Co. v. Fireman's Fund Ins. Co., 673 So.2d 958, 959 (Fla. 3d DCA 1996). We then continued:
In this context, we extend the philosophical train of thought to its next and logical plane: Our district should not be a forum for cases that have little or no connection to Dade and Monroe counties. Therefore, it is the stated policy of our Court to literally apply the doctrine of forum non-conveniens where there is little else other than the plaintiffs choice of venue and where witnesses reside in other more suitable venues.
Id. The only connection this case has to Miami-Dade County is the plaintiffs’ choice of venue. The case should be transferred to the Fourteenth Judicial Circuit.
*4 I would reverse and remand with directions to the trial court to enter an order transferring this action to Bay County, Florida.