# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-775
Lower Tribunal No. 22-427
_____

**Sal Stewart,**
Appellant,

vs.

**Florida High School Athletic Association, Inc.,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

La Ley con John H. Ruiz, P.A., John H. Ruiz, Michael O. Mena, Gino Moreno, and Marcus Davide, for appellant.

Clayton-Johnston, P.A. and Leonard E. Ireland, Jr., (Gainesville), for appellee.


Before EMAS, SCALES, and MILLER, JJ.

PER CURIAM.

Affirmed. See Am. Vehicle Ins. Co. v. Goheagan, 35 So. 3d 1001, 1003 (Fla. 4th DCA 2010) ("[W]hen a defendant challenges venue by filing an affidavit controverting the plaintiff's venue allegations, the burden shifts to the plaintiff to establish the propriety of the venue selection."); B.C. Cook & Sons Enters., Inc. v. R. & W. Fruit Co., 512 So. 2d 980, 982 (Fla. 2d DCA 1987) ("A plaintiff is not required to plead or prove facts in support of its selection of venue in its complaint . . . . However, if the defendant sufficiently challenges the plaintiff's venue selection, the plaintiff must then prove its propriety."); Chrysler Credit Corp. v. Laliberty, 506 So. 2d 67, 68 (Fla. 1st DCA 1987) ("Once the plaintiff has selected venue, the burden falls on the party challenging venue to demonstrate by affidavit or sworn pleading that it is improper."); see also § 47.051, Fla. Stat. (2022) ("Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.").