# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____


KEVIN SIMEK and FALYNN SIMEK,
f/k/a FALYNN SISK,

Appellants,

v.

HERITAGE PROPERTY & CASUALTY
INSURANCE COMPANY,

Appellee.


No. 2D2024-2463

_____

October 1, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; Melissa Polo, Judge.

Sandford B. Kinne and Jeremy D. Bailie of Weber, Crabb & Wein, P.A.,
St. Petersburg, for Appellants.

Angela C. Flowers of Kubicki Draper, Ocala, for Appellee.


LaROSE, Judge.

Kevin and Falynn Simek appeal the trial court's order granting Heritage Property & Casualty Insurance Company's motion to transfer venue from Hillsborough County to Polk County.[1]  We reverse.

Heritage insured the Simeks' Lakeland, Florida, home.  After Hurricane Ian damaged their home, the Simeks filed a claim; Heritage refused to pay the full amount.

The Simeks sued Heritage in Hillsborough County for breach of contract.  Heritage's principal place of business is in Hillsborough County.  *See generally* § 47.051, Fla. Stat. (2024) (permitting the plaintiff to file a lawsuit "in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located").

Heritage moved to dismiss or, alternatively, transfer venue due to forum non conveniens.  It noted that Polk County was the proper venue because "the cause of action accrued in Polk County" and "the subject property is located in Polk County."  It further claimed that Polk County was the convenient forum because "all inspections of the subject property occurred (and any additional inspections will occur) in Polk County . . . and the depositions of the Plaintiffs will likely occur in Polk County."  The motion was unverified and was not accompanied by any affidavits, sworn testimony, or other evidence.

At a hearing on the motion, Heritage speculated that the Simeks would not want to drive to Hillsborough County for in-person depositions and that "[t]hose depositions would either occur via Zoom or in person, in Polk County."  The Simeks countered that they chose to file the lawsuit in Hillsborough County.  As their attorney stated, "[T]hey have

---

[1] We have jurisdiction.  *See* Fla. R. App. P. 9.130(a)(3)(A).

agreed to travel to Hillsborough County if and when a trial is to occur. As for depositions, . . . depositions nowadays are taken via Zoom for the most part, so that should not be an issue either."

The trial court granted the motion based on forum non conveniens.

On appeal, the Simeks argue that Hillsborough County is a proper forum. They also stress that Heritage offered no proof of substantial inconvenience or undue expense that it would incur by litigating in its home county. As it did in the trial court, Heritage claims that the undisputed facts show that (1) the Simeks reside in, (2) the insured home is in, (3) the alleged damage occurred in, (4) the inspections have and will occur in, and (5) the insurance contract was made in Polk County.

Generally, we review the trial court's ruling to transfer venue for abuse of discretion. *See RJG Env't, Inc. v. State Farm Fla. Ins.*, 62 So. 3d 678, 679 (Fla. 2d DCA 2011) (citing *PricewaterhouseCoopers LLP v. Cedar Res., Inc.*, 761 So. 2d 1131, 1133 (Fla. 2d DCA 1999)). We review its legal conclusions de novo. *See id.*

"It is the plaintiff's prerogative to initially select the venue in accordance with the applicable venue statute . . . ." *Hightower v. Est. of Lyman*, 58 So. 3d 377, 379 (Fla. 2d DCA 2011) (quoting *Eth–Wha, Inc. v. Blankenship*, 483 So. 2d 872, 873 (Fla. 2d DCA 1986)); s*ee also P.V. Holding Corp. v. Tenore*, 721 So. 2d 430, 431 (Fla. 3d DCA 1998) ("It is well established that where venue is proper in more than one county, the choice of forum rests with the plaintiff."). There can be no serious dispute that Hillsborough County is a proper venue. *See* § 47.051.

To overcome the Simeks' venue choice, Heritage had to prove that Polk County is a more convenient forum. *See Johnson v. Johnson*, 288 So. 3d 745, 748 (Fla. 2d DCA 2019) ("[A] plaintiff's forum selection is

3

presumptively correct and the burden is on the defendant to show either substantial inconvenience or that undue expense requires change for the convenience of the parties or witnesses." (quoting *Eggers v. Eggers*, 776 So. 2d 1096, 1098 (Fla. 5th DCA 2001))); *Sheffield Steel Prods., Inc. v. Powell Bros.*, 385 So. 2d 161, 162 (Fla. 5th DCA 1980) ("Upon a proper showing, the trial court should grant a change of venue if a lawsuit is filed in the wrong county, or if it would be more convenient for the parties and witnesses to try the case in a different county." (footnotes omitted)).

Obviously, the lawsuit has ties to Polk County. Yet, the Simeks are committed to proceeding in Hillsborough County. But interestingly, Heritage presented no affidavits or other evidence to establish that it or any witnesses would incur substantial inconvenience or undue expense by litigating in Hillsborough County. Heritage bore the burden; it failed to displace the Simeks' choice of venue.

Accordingly, the trial court should have denied Heritage's motion. *Compare Fla. Health Scis. Ctr., Inc. v. Elsenheimer*, 952 So. 2d 575, 579 (Fla. 2d DCA 2007) (holding that the trial court acted within its discretion in denying the transfer where the defendant's affidavit did "not identify the potential witnesses from Hillsborough County, describe their anticipated testimony, or establish the relevance of their anticipated testimony"), *and Sheffield Steel Prods., Inc.*, 385 So. 2d at 162 (concluding that there was no "basis to support a change of venue on the grounds of forum non conveniens" where the trial court transferred venue "[b]ased on the unverified pleadings alone"), *with Eggers*, 776 So. 2d at 1098 (holding that the trial court should have granted the transfer motion where the defendant offered "a sworn motion to transfer/dismiss and attached affidavits from prospective witnesses indicating they

resided in Hillsborough County and that it would be a hardship if they had to travel to Citrus County to testify" and the plaintiff "countered with no sworn evidence on the relevant issues").

We reverse the order transferring venue.  We remand this case for further proceedings.

Reversed and remanded.


KHOUZAM and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.